JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| Jill Katz and Michael Katz | Panera Bread Company |

| (b)   County of Residence of First Listed Plaintiff   Philadelphia Co., PA | County of Residence of First Listed Defendant   St. Louis Co., MO |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c)   Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Thomas R. Kline, Esq. - Kline & Specter, P.C.<br>1525 Locust St., 9th Fl., Phila., PA 19102 - 215.772.1000 | Gregory T. Sturges, Esq. - Greenberg Traurig, LLP<br>1717 Arch St., Ste. 400, Phila., PA 19103 - 215.988.7820 |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC §§ 1336, 1441

Brief description of cause:
Plaintiffs allege personal injury and wrongful death allegedly resulting from ingestion of a beverage.

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
Oct 26, 2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)   County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)   Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.   Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: <u>Nature of Suit Code Descriptions.</u>

**V.   Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.   Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.   Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __23 Half Moon Isle, Jersey City, NJ 07305__

Address of Defendant: __3630 S. Geyer Rd., #100, St. Louis, MO 63127__

Place of Accident, Incident or Transaction: __Philadelphia, PA__

---

**RELATED CASE IF ANY:**

Case Number:_____ Judge:_____ Date Terminated_____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE: October 26, 2023   _____   200992
*Attorney-at-Law* <span style="color:red">*(Must sign above)*</span>   *Attorney I.D. # (if applicable)*

---

**Civil (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☒ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, __Gregory T. Sturges__, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __October 26, 2023__   _____   200992
*Attorney-at-Law (Sign here if applicable)*   *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JILL KATZ and MICHAEL KATZ, as Administrators of the estate of SARAH KATZ, Deceased<br>23 Half Moon Isle<br>Jersey City, NJ 07305<br><br>      Plaintiffs,<br><br> v.<br><br>PANERA BREAD COMPANY<br>200 S. 40th Street<br>Philadelphia, PA 19104<br><br> And<br><br>PANERA LLC<br>3630 S. Geyer Road, Suite 100<br>St. Louis, MO 63127<br><br>      Defendants. | **JURY TRIAL DEMANDED**<br><br><br>No.: _____ |

## NOTICE OF REMOVAL

  Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Panera Bread Company ("PBC") and Panera, LLC ("PLLC") (collectively, "Defendants"), through undersigned counsel, hereby remove the above-captioned case from the Court of Common Pleas for Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania, and state as follows:

## INTRODUCTION

  1. On October 23, 2023, Plaintiffs Jill Katz and Michael Katz, as Administrators of the estate of Sarah Katz, deceased ("Decedent"), (together, "Plaintiffs") filed the Complaint against Defendants in the Court of Common Pleas for Philadelphia County, Pennsylvania. The case is styled as *Jill Katz, et. al, v. Panera Bread Company, et. al*, October Term 2023, No. 02242.

2.      As of the filing of this Notice of Removal, no one has served either PBC or PLLC with the Complaint.

3.      In the Complaint, Plaintiffs allege personal injuries and wrongful death resulting from Decedent's alleged purchase and ingestion of Panera Charged Lemonade from a Panera Store located at 200 S. 40th Street, Philadelphia, PA 19104. *See* Compl., ¶¶ 79–136, attached as **Exhibit A**.

4.      Plaintiffs assert claims for strict product liability, negligence, misrepresentation, and breach of express warranty. *See id.* Plaintiffs assert both wrongful death and survival claims. *See id.*

5.      PBC and PLLC deny they are liable to Plaintiffs under any theory and deny that any alleged act or omission caused or contributed to Plaintiffs' alleged damages or Decedent's alleged injuries or death.

6.      Removal of this action is appropriate. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000.

## VENUE AND JURISDICTION

7.      Venue is proper in this Court because this action is being removed from the state court in which Plaintiffs filed their Complaint, the Court of Common Pleas for Philadelphia County, Pennsylvania, which sits within the United States District Court for the Eastern District of Pennsylvania. 28 U.S.C. §§ 118(a), 1441(a), and 1446(a).

8.      Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

9.      Removal is proper under 28 U.S.C. § 1332(a) because: (1) there is complete diversity between Plaintiffs and Defendants; and (2) the amount in controversy exceeds $75,000, exclusive of costs and interest.

10.     In addition, all other requirements for removal are satisfied, as explained below.

## BASIS FOR REMOVAL

**I.      REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441**

### A.      The Parties Are Completely Diverse

11.     Complete diversity exists because Plaintiffs are either Pennsylvania or New Jersey citizens, and none of the Defendants are either Pennsylvania or New Jersey citizens.

12.     Plaintiffs bring this action solely in their capacity as "Administrators of the Estate of Sarah Katz, Deceased." (Exhibit A, Compl. ¶ 3).

13.     For purposes of diversity jurisdiction, "the legal representatives of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent" at the time of the decedent's death. 28 U.S.C. § 1332(c)(2); *Ramsey v. Devereux Found.*, No. 16-299, 2016 U.S. Dist. LEXIS 95706, at *7 (E.D. Pa. July 22, 2016) ("For diversity purposes, where the plaintiff is the representative of the estate of a decedent, the plaintiff is deemed to acquire the citizenship of the decedent at the time of the decedent's death.").

14.     Upon information and belief, at the time of her death, the Decedent was a resident of Pennsylvania where she had been living as a college student at the University of Pennsylvania for several years; her parents were residents and citizens of New Jersey, where the Decedent grew up and lived before she attended college. (Compl. ¶¶ 1-2). Accordingly, Plaintiffs' domicile is either New Jersey or Pennsylvania. *McCarthy v. Jauregui*, No. 3:21-CV-1759, 2023 U.S. Dist. LEXIS 97285, at *18 (M.D. Pa. June 2, 2023) ("It is generally presumed that a student who attends

a university in a state other than the student's 'home' state intends to return 'home' upon completion of studies."). Therefore, Plaintiffs, as the legal representatives of the estate of the Decedent, are citizens of either Pennsylvania or New Jersey for purposes of diversity jurisdiction.

15.     Defendant Panera Bread Company (PBC) is a corporation and Defendant Panera, LLC (PLLC) is a limited liability company.

16.     A corporation is a citizen of both the state where it is incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

17.     Defendant Panera Bread Company (PBC) is now, and was at the time of filing of the Complaint, a Delaware corporation with its principal place of business in Missouri. Accordingly, PBC is a citizen of Delaware and Missouri for diversity jurisdiction purposes.

18.     For purposes of diversity jurisdiction, "the citizenship of an LLC is determined by the citizenship of each of its members." *Zambelli Fireworks*, 592 F.3d at 418.

19.     Defendant Panera, LLC is now, and was at the time of filing of the Complaint, a single-member limited liability company, with Panera Bread Company (PBC) as its sole member. PBC is now, and was at the time of filing of the Complaint, a Delaware corporation with its principal place of business in Missouri. Accordingly, PLLC is a citizen of Delaware and Missouri for diversity jurisdiction purposes.

20.     Accordingly, Plaintiffs are either citizens of Pennsylvania or New Jersey, and Defendants are citizens of Delaware and Missouri for diversity jurisdiction purposes.

**B.     The Amount-in-Controversy Is Satisfied**

21.     The $75,000 amount-in-controversy requirement is also satisfied.

22.     A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interests and costs." *Meltzer v. Cont'l Ins. Co.,* 163 F. Supp. 2d 523, 525 (E.D. Pa. 2001) (citing 28 U.S.C. § 1332(a)(1)).

23.     Pursuant to § 1446(a), a defendant seeking to remove a case must include in its notice of removal "a short and plain statement of the grounds for removal." The United States Supreme Court has held that to satisfy the "short and plain statement" requirement, the removal notice must allege the amount in controversy "plausibly" but "need not contain evidentiary submissions" to support the allegation. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551, 553 (2014) (quoting *Ellenburg v. Spartan Motors Chassis Inc.*, 519 F.3d 192 (4th Cir. 2008)). The general federal rule is that the amount in controversy is determined by the complaint itself. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993); *Hocker v. Kurfeld*, No. 15-04262, 2015 WL 8007463, at *2 (E.D. Pa. Dec. 7, 2015). "When a complaint does not limit its request to a precise monetary amount, the court must independently appraise the claim's value to determine if it satisfies the amount in controversy requirement." *Hocker*, 2015 WL 8007463 at *2 (citing *Angus*, 989 F.2d at 146).

24.     Although the Defendants deny any liability for Plaintiffs' alleged damages, the amount in controversy here exceeds $75,000.

25.     Plaintiffs allege that Plaintiffs' and their Decedent's damages include: "untimely death at 21 years old; cardiac arrythmias; cardiac arrest; hypoxia; pain and suffering; loss of enjoyment of life and life's pleasures; emotional distress; disfigurement; embarrassment; future lost wages; loss of future earning capacity; funeral expenses; medical expenses; all damages recoverable under the Survival Act; all damages recoverable under the Wrongful Death Act; and all damages … permitted by Pennsylvania law." (Compl. ¶ 78) Plaintiffs further characterize

Decedent's alleged injuries as "severe," "permanent," and "catastrophic." (Compl. ¶¶ 77, 93) Plaintiffs seek both compensatory and punitive damages. (Compl. ¶¶ 98, 110, 121, 129, 133, 136)

26.      Based on these allegations and alleged damages, including the death of Decedent, the amount in controversy plainly exceeds the $75,000 jurisdictional threshold. *See, e.g.*, *Hocker*, 2015 WL 8007463, at *2 (finding amount in controversy exceeded $75,000 where the complaint alleged serious medical injuries and medical costs); *Bakali v. Jones*, Civil Action No. 17-1162, 2018 U.S. Dist. LEXIS 102942, at *3 (W.D. Pa. June 20, 2018) (finding the amount in controversy based on the death of the decedent exceeded the $75,000 jurisdictional threshold); *see also*, *Angus v. Shiley, Inc*., 989 F.2d 142, 145–46 (3d Cir. 1993) (affirming denial of remand where plaintiff claimed emotional injuries only from allegedly defective medical device, because the complaint sought "at least" $40,000 in damages and plaintiff claimed to have suffered anxiety and other emotional ailments).

27.      Courts in this District and around the country routinely hold that cases involving alleged "serious and permanent" physical injuries, just like those alleged here, satisfy the amount-in-controversy requirement. *See, e.g.*, *Brent v. First Student, Inc.*, 2020 U.S. Dist. LEXIS 88551, *6–7, 2020 WL 2570355 (E.D. Pa. May 20, 2020) ("Allegations of serious and permanent physical injuries resulting in 'loss of earnings and impairment of earning capacity and medical costs' are sufficient to establish that the jurisdictional minimum is met."); *Toan Nyugen v. Titus*, 2007 U.S. Dist. LEXIS 63731, *10, 2007 WL 2461815 (E.D. Pa. Aug. 29, 2007) (holding that the amount-in-controversy requirement was satisfied because a jury, if it found liability "would not be unreasonable in awarding Plaintiff damages exceeding $75,000 if it credited Plaintiff's claims of physical injury and the resulting pain and anguish that has plagued him for the last two-and-a-half years as a result of the accident"); *see also Garcia v. Owens-Brockway Glass Container Inc.*, No.

LA CV16-01889 JAK (RAOx), 2016 WL 9275451, at *3 (C.D. Cal. June 30, 2016) (complaint seeking compensatory damages and damages for pain and suffering related to "severe injuries" is sufficient to demonstrate amount in controversy greater than $75,000) (collecting cases).

28.     Because there is complete diversity of citizenship and the amount-in-controversy requirement is satisfied, this Court has jurisdiction.

## II.     ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

### A.     This Notice of Removal Is Timely.

25.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) because none of the Defendants has yet been served. *See* 28 U.S.C. § 1446(b)(1)–(2).

### B.     Consent to Removal

26.     Because none of the Defendants has been properly served, 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action") is not yet implicated. Nonetheless, PBC and PLLC are jointly filing this Notice of Removal.

27.     None of the Defendants is a citizen of Pennsylvania for purposes of diversity jurisdiction, therefore removal is not barred by the presence of a properly served and joined forum defendant. 28 U.S.C. § 1441(b); *Encompass Ins. Co. v. Stone Mansion Restaurant, Inc.*, 902 F.3d 147 (3rd Cir. 2018).

### C.     Notice of Removal to Plaintiff

28.     Pursuant to 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, PBC and PLLC will furnish written notice to Plaintiffs' counsel and will file a copy of this Notice with the Prothonotary of the Court of Common Pleas for Philadelphia County, Pennsylvania.

29.     By filing this Notice of Removal, PBC and PLLC do not waive any defenses available to them and expressly reserve all such defenses.

D.      **The State Court File Is Attached**

30.      Pursuant to 28 U.S.C. § 1446(a), no process, pleadings, or orders have been served upon any Defendants. A copy of the Complaint is attached as **Exhibit A**. A copy of the state court docket as of October 26, 2023 is attached as **Exhibit B**.

**WHEREFORE,** PBC and PLLC respectfully give notice that the above-entitled action is removed from the Court of Common Pleas for Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 118(b), 1332, 1441, and 1446.

**GREENBERG TRAURIG LLP**

Dated: October 26, 2023

*/s/ Gregory T. Sturges*
Gregory T. Sturges, Esq.
1717 Arch Street, Suite 400
Philadelphia, PA 19103
T 215.988.7820
sturgesg@gtlaw.com

Lori G. Cohen, Esq. (*pro hac vice* to be filed)
Sara K. Thompson, Esq. (*pro hac vice* to be filed)
Marcella L. Ducca, Esq. (*pro hac vice* to be filed)
3333 Piedmont Road, Suite 2500
Atlanta, GA 30305
T 678.553.2385
cohenl@gtlaw.com
sarah.thompson@gtlaw.com
duccam@gtlaw.com

***Attorneys for Panera Bread Company and Panera, LLC***

8

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on October 26, 2023, I caused a true and correct copy of

**NOTICE OF REMOVAL**, via CM/ECF system that will serve attorneys of record upon filing,

and electronic mail, upon Plaintiff's attorney of record at the following virtual addresses:

**Thomas Kline, Esq.**
**Elizabeth Crawford, Esq.**
**Michelle Paznokas, Esq.**
Kline & Specter, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
thomas.kline@klinespecter.com
elizabeth.crawford@klinespecter.com
michelle.paznokas@klinespecter.com

*/s/ Gregory T. Sturges*
Gregory T. Sturges, Esq.