IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL KATZ and MICHAEL KATZ, as Administrators of the Estate of SARAH KATZ, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>PANERA BREAD COMPANY and PANERA, LLC,<br><br>Defendants. | : : : : : : : : : : : : : : : : | Civil No.: 2:23-cv-04135-TJS |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants Panera Bread Company and Panera, LLC ("Defendants" or "Panera") submit this Reply Brief in Support of their Motion to Dismiss Plaintiffs' Complaint, and would show this Court as follows:

**I.     THE STRICT LIABILITY CLAIMS FAIL.**

Plaintiffs' three strict liability claims should be dismissed because the facts alleged, even if true, fail to meet Pennsylvania's basic pleading requirements. *Bostic v. Ethicon Inc.*, 2022 U.S. Dist. LEXIS 58554, *18 (E.D. Pa. Mar. 29, 2022); *Morris v. Pathmark Corp.*, 592 A.2d 331, 333 (Pa. Super. 1991) (*citing Berkebile v. Brantly Helicopter* Corp., 337 A.2d 893 (Pa. 1975)).

**A.     Plaintiffs Has Not Stated a Claim for Manufacturing Defect.**

Plaintiffs must allege that the Charged Lemonade Katz purportedly consumed did not conform to Defendant's manufacturing specifications such that it was different from Defendants' intended final product or from other identical versions of the same product line. *See Chandler v.*

1

*L'Oréal USA, Inc.*, 774 Fed. Appx. 752, 754 (3d Cir. 2019); *Tincher v. Omega Flex,* 104 A.3d

328, 395 (Pa. 2014)); *Bostic*, 2022 U.S. Dist. LEXIS 58554, *19.  Plaintiffs do not do so.

Plaintiffs' manufacturing claim instead solely states that Panera employees *could have* not

mixed the lemonade according to the recipe. (Comp. at ¶¶ 55–58.)  But there are no allegations

that there was any failure whatsoever in the mixing of the product Katz allegedly consumed.  These

minimal allegations and failures do not state a claim upon which relief may be granted.  *See, Bell*

*Atlantic v. Twombly,* 550 U.S. 544, 555 (2007). ("Factual allegations must be enough to raise a

right to relief above the speculative level," and must do more than simply create a "suspicion of a

legally cognizable right of action."). Plaintiffs must do more than identify the manufacturing

process (in-house mixing), hypothesize about a possible problem (quality control) and then allege

an injury. Plaintiffs must state that the product Katz allegedly consumed was not manufactured

properly.

Plaintiffs do not allege any facts to suggest that the actual in-house preparation of the

beverage Katz purportedly consumed was different in any manner than intended, nor do Plaintiffs

allege that a failure in the mixing process caused her beverage to be different.  For example, while

Plaintiffs argue it was important to maintain a safe ratio of caffeine, sugar and guarana, Plaintiffs

do not ultimately allege that Defendants' quality control failed or that Katz's beverage had a

different ratio of caffeine, sugar or guarana than the recipe intended.  These are the facts upon

which a manufacturing defect claim hinges and they are missing from Plaintiffs' Complaint.

Plaintiffs cannot amend to fix this flaw.  Plaintiffs discarded the remains of the beverage

and it is therefore impossible for any party to test its contents for purported deviation. While

Plaintiffs assert that they can establish such facts through circumstantial evidence, the case law

upon which Plaintiffs rely is distinguishable since it applies only to malfunction theory.  Plaintiffs

here have not alleged any facts in the Complaint consistent with malfunction theory. *See, Dansak v. Cameron Coca-Cola Bottling Co.*, 703 A.2d 489, 495 (1997).

Without specific allegations detailing a deviation between the design and the beverage Katz allegedly consumed, Plaintiffs' defective manufacturing claim cannot stand and cannot be cured by amendment.

**B.      Plaintiffs' Own Allegations Defeat the Failure to Warn Claim.**

A claim for strict liability for failure to warn under Pennsylvania law requires Plaintiffs to establish that 1) a warning of a particular product was either lacking or inadequate, and 2) the user of the product would have avoided the risk had he been advised of it by the seller. *Jeter v. Brown & Williamson Tobacco Corp.*, 113 Fed. Appx. 465, 468 (3d Cir. 2004).

When Plaintiffs' allegations are accepted as true for purposes of this motion, Plaintiffs' Complaint defeats its failure to warn claim. Plaintiffs admit the following: (1) Katz was knowledgeable about caffeine, (2) Katz was aware of her heart condition, (3) the presence of caffeine in a Charged Lemonade was disclosed to her, (4) the maximum amount of caffeine in a Charged Lemonade was disclosed to her, (5) Katz knew there was caffeine in the Charged Lemonade, and (6) Katz purchased and consumed an undisclosed portion of a Charged Lemonade. (Compl. at ¶¶ 18, 23, 38, 39; 71; p. 6 at photograph 1.)

Plaintiffs' opposition also acknowledges that the maximum amount of caffeine in a Charged Lemonade is less than the amount the FDA has stated is generally not associated with adverse health effects. *See* Opp., ECF 23 at 19.

Based on these admissions, Plaintiffs cannot contend that Defendants failed to warn Katz about the existence or amount of total caffeine in Charged Lemonade.  The Complaint's alleged facts and supporting photographs instead admit the exact opposite.  Plaintiff was advised that there could be as much as 390 mg of caffeine in the Charged Lemonade. (Compl. ¶¶ 46; 71; p. 6 at

photograph 1.)  Plaintiffs also cannot contend that Defendants failed to warn Katz about a health risk.  Not only does 390 mg of caffeine not cause cardiac arrest, but Plaintiffs are aware the FDA recognizes that 400 mg is not associated with adverse health events.  Plaintiffs also cannot contend that Katz would have acted differently.  The Complaint instead admits she expected caffeine in the beverage, knew the maximum amount and consumed it. (Compl. at ¶¶ 18, 23, 38, 39; 71; p. 6 at photograph 1.) While Plaintiffs now pivot and attempt to distance themselves from their own allegations by arguing that Defendants do not understand their legal theory, the Complaint plainly asserts that the failure to warn claim lies in not disclosing caffeine. (Compl. at ¶ 71)  Plaintiffs' claim fails by way of their own factual allegations.

**C.     The Design Defect Claim Fails.**

Plaintiffs' Complaint also fails to state facts sufficient to meet the consumer expectation standard or the risk-utility standard.

Plaintiffs cannot dispute that the presence of caffeine and its associated effects are knowable to an ordinary consumer.  Here, the Complaint admits that Defendants disclosed the existence and maximum amount of caffeine in Charged Lemonade to its consumers, including Katz.  (Compl. at ¶ 46; *see also* photograph 1 on p. 6.)  The Complaint further alleges that Katz was knowledgeable about caffeine, her heart condition and purported to govern herself accordingly. (Compl. at ¶¶ 18, 23, 38, 39; 71; p. 6 at photograph 1.)  Based thereon, Plaintiffs cannot now allege that caffeine, including the caffeine in guarana (which is already factored into the overall disclosed caffeine content) was a "surprise element."  Plaintiffs' argument concerning sugar as a "surprise element" is even less convincing.  Notwithstanding the fact that the existence and amount of sugar in a Charged Lemonade was also disclosed to Defendants' consumers in a variety of ways, Plaintiffs have failed to allege any facts in the Complaint to state how sugar, another ubiquitous ingredient, was an unknowable and unacceptable danger to the average

consumer.  Based on the admitted disclosures concerning the caffeinated lemonade, it is reasonable that a consumer would expect there to be caffeine and sugar in the beverage.  The consumer expectation standard does apply. *See, Grasinger v. Caterpillar, Inc.*, Civil Action No. 21-956, 2023 U.S. Dist. LEXIS 130669, at *33 (W.D. Pa. July 28, 2023) (holding a design is unreasonably dangerous under the consumer expectation standard where "the danger is unknowable and unacceptable to the average or ordinary consumer.").

The risk-utility standard also fails based upon the threadbare allegations in the Complaint. Plaintiffs do not plead facts sufficient to address the seven factors set forth in *Grasinger v. Caterpillar, Inc., supra,* at *33-34, for determining whether there is a cognizable design defect claim.  This is because the Complaint admits Katz was entirely aware of the caffeine content in a Charged Lemonade and knowingly chose to purchase and consume the beverage.  Plaintiffs' Complaint cannot therefore show probability or seriousness of harm from the amount of caffeine alleged in this case.

## II.    PLAINTIFFS DO NOT DISPUTE THE FAILURE OF THE BREACH OF EXPRESS WARRANTY CLAIM.

Plaintiffs' opposition acknowledges that the claim for express warranty is not proper. (Opp. at Pg. 23.)  Defendants respectfully request that this claim be dismissed, and Defendants reserve all rights with respect to any future claim for breach of implied warranty claim.

## III.   PLAINTIFFS' NEGLIGENCE CLAIMS FAIL.

Stating legal conclusions in the affirmative is not the equivalent of stating facts.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Despite claims to the contrary, Plaintiffs' negligence causes of action amount to little more than a recitation of elements, without plausible factual support.  Each negligence claim therefore fails under Rule 8(a).

A.      **The Negligent Manufacturing and Design Claims Fails.**

Plaintiffs' negligent manufacturing and design allegations are the same type of conclusory

statements the Court rejected and dismissed in *Smith v. Howmedica Osteonics Corp.,* 251 F. Supp.

3d 844, 852-53 (E.D. Pa. 2017).

In *Smith*, the defendant challenged plaintiff's negligent manufacture and design claims on

a motion to dismiss.  In ruling, the Court emphasized that a negligent manufacturing claim must

be supported by "factual allegations that address the manufacturing process," and which "suggest

that the manufacturer failed to exercise reasonable care during the 'manufacturing process.'" *Id.*

at 853.  Similarly, a negligent design claim must allege facts that address the design of the product

in meaningful detail to allow for a plausible inference that the defendant did not "exercise

reasonable care in the adoption of a safe . . . design as required by Section 398." *Id.*

Contrary to this standard, the plaintiff in *Smith* only alleged in conclusory fashion that the

manufacture and design of the product was negligent and plaintiff relied on and incorporated

allegations supporting her corresponding strict liability claims.  As a result, the Court dismissed the

negligent manufacture claim on the grounds that conclusory statements of negligence are not

entitled to a presumption of truth and that "[w]ithout any factual allegation as to the nature of what

went wrong during the manufacturing process, there is no plausible road to recovery for negligent

manufacturing." *Id.*  Similarly, the Court dismissed plaintiff's negligent design claim because the

lack of factual specificity precluded an inference that the defendant failed to adopt a safe design.

*Id.* at 853-854.

Here, Plaintiffs do the exact same thing.  Plaintiffs' claims suffer from the same lack of

factual specificity concerning Defendants' purported conduct and rely solely on legal conclusions.

Plaintiffs contend that Defendants negligently manufactured and formulated Charged Lemonade

because employees mix the syrup with water "in-house," which, in Plaintiffs' assessment,

encourages poor quality control.  However, Plaintiffs do not allege any facts concerning the Defendants' manufacturing process for the Charged Lemonade beverage Katz allegedly drank or how that Charged Lemonade deviated from its intended design.  Plaintiffs also neglect to set forth any facts to show how any such deviation allegedly caused Katz's injuries.

Nowhere in Plaintiffs' Complaint is there a simple statement of fact alleging that the mixing process or quality control failed for Katz, such that her beverage contained too much of any one ingredient and/or that she was injured as a result of that specific failure in the mixing process.  Plaintiffs' instead merely cite to Paragraph 103 (h)-(k) in defense of the Complaint.  Plaintiffs' reliance on Paragraph 103 (h)-(k) only highlights the failure of the claim, in that it does not contain any statements of fact, and is nothing more than a recitation of elements stated in the affirmative.  This is insufficient.  Like the Court in *Smith* found, Defendants are entitled to understand the nature of what Plaintiffs claim went wrong during the manufacturing and formulating process, and absent this information, Plaintiffs' claim fails.

Plaintiffs' opposition also points to legal conclusions stated in the affirmative in Paragraph 103 in support of its negligent design claim.  But these conclusory allegations do not address the specific design of Charged Lemonade in any meaningful detail or allow for the inference that Defendants failed "to exercise reasonable care in the adoption of a safe . . . design as required by Section 398." *Id.* at 853-854.  Also, because Plaintiffs have made no allegations whatsoever as to any potential safer alternative design for the Charged Lemonade, the negligent design claim fails.

**B.      The Negligent Failure to Warn Claim Fails.**

Plaintiffs' negligent failure to warn claim fails for the same reasons their strict liability failure to warn claim fails (as explained above).  The facts pled in the Complaint, and accepted as true for the purposes of this motion, contradict the elements of negligent failure to warn.

Plaintiffs admit that: (1) Katz was knowledgeable about caffeine, (2) she was aware of her heart condition. (3) the presence of caffeine in a Charged Lemonade was disclosed to her; (4) the maximum amount of caffeine in a Charged Lemonade was disclosed to her, (5) Katz knew there was caffeine in the Charged Lemonade, and (6) Katz purchased and consumed some undisclosed portion of a Charged Lemonade. (Compl. at ¶¶ 18, 23, 38, 39; 71; p. 6 at photograph 1.)

Defendants therefore disclosed the presence of caffeine, the amount of caffeine, and made a comparison with another well-known caffeinated beverage (coffee).  This coupled with Katz's knowledge of her preexisting heart condition, prior knowledge and education about caffeine, and having actually known there was caffeine in the Charged Lemonade, precludes Plaintiffs from showing proximate causation because the facts instead indicate Katz "knew, or should have known, of that risk about which the missing warning would have cautioned." *Robinson v. Delta Intern. Machinery Corp.*, 274 F.R.D. 518, 522 (E.D. Pa. 2011) *(quoting Mitchell v. Modern Handling Equip. Co.*, 1999 WL 1825272, at *6 (Pa. Ct. Com. Pls. June 11, 1999)); *see also supra* §I(B).  Plaintiffs' negligent failure to warn claim should be dismissed.

## IV.   THE NEGLIGENT MISREPRESENTATION CLAIMS SHOULD BE DISMISSED.

Plaintiffs' negligent misrepresentation claims should be dismissed for one or more of the following three reasons: (1) they are rooted in Plaintiffs' negligence and strict liability claims, (2) they are non-actionable puffery, and (3) Plaintiffs' Complaint admits the statements are true.

First, Plaintiffs' opposition does not dispute that the negligent misrepresentation claims are identical to and rooted in Plaintiffs' negligence and strict liability claims.  Despite the fact that "Courts in this District routinely dismiss fraud claims rooted in failure to warn theory," Plaintiffs offer no opposition to this argument and the overwhelming majority of Plaintiffs' contentions further support that the negligent misrepresentation claims are simply a restatement of the

8

negligence and strict liability claims as fraud claims. *See, Drumheller v. Johnson & Johnson*, 2021 U.S. Dist. LEXIS 88941, *46 (E.D. Pa. May 10, 2021); *see also Kline v. Pfizer,* 2009 U.S. Dist. LEXIS 623, *9 (E.D. Pa. Jan. 6, 2009); *Runner v. C.R. Bard, Inc.*, 108 F. Supp. 3d 261, 269 (E.D. Pa. June 3, 2015).

Second, contrary to Plaintiffs' argument, puffery as a defense is not limited to Unfair Trade Practices & Consumer Protection Law, and Plaintiffs have not identified any case law to support this assertion or such narrow and limited application.  Puffery instead has broad application, and precludes Plaintiffs' claims here.

In *Kovalev v. Lidl US, LLC*, 647 F. Supp. 3d 319, 343, the Pennsylvania Eastern District Court found that marketing terms like "New & Improved" and "High Quality" could not give rise to a breach of express warranty claim and granted defendants' motion to dismiss.  Similarly, in *Sabol v. Ford Motor Co.,* 2015 U.S. Dist. LEXIS 92341, *10, the district court found that words like "safe" and "reliable" were not actionable because they were subjective opinions.  Most notably, the Pennsylvania Supreme Court in *Berkebile v. Brantly Helicopter Corp.*, 337 A.2d 893, 903 (Pa. 1975) (abrogated in part on other grounds) affirmed the trial court's refusal in a strict liability case to instruct the jury on misrepresentation under the Restatement (Second) of Torts, § 402A because the purported misrepresentation—"[Y]ou are assured of a safe, dependable helicopter"—was non-actionable puffery.  The same doctrine applies here.  Plaintiffs' allegations are premised on non-actionable puffery ("safe and clean") and cannot support a claim for misrepresentation, as a matter of law.

Third, Plaintiffs' do not dispute that their Complaint admits that Charged Lemonade contains fruit juice or that it has the same amount of caffeine per ounce as Defendants' dark roast coffee. (Compl. at ¶¶ 44, 46)  As such, Plaintiffs cannot have it both ways.  There can be no

misrepresentation of a material fact that the Complaint accepts as true.  Based upon the foregoing,

Defendants respectfully request the Court dismiss the negligent misrepresentation claims.

## V.   PLAINTIFFS FAILED TO PLEAD A BASIS FOR PUNITIVE DAMAGES.

Defendants challenged Plaintiffs' punitive damage prayer by asserting that the minimal

and conclusory allegations in Plaintiffs' Complaint do not come close to alleging either extreme

and outrageous conduct, subjective awareness, or conscious disregard.  In response, Plaintiffs'

opposition merely cites to the same conclusory allegations Defendants challenged, wherein

Plaintiffs simply state the elements for punitive damages in the affirmative.  This is insufficient

and Plaintiffs' prayer for punitive damages relief should be dismissed.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request this Court grant their Motion

to Dismiss Plaintiffs' Complaint.

Respectfully submitted,

Dated: December 11, 2023                **SHOOK, HARDY & BACON L.L.P.**

*/s/ Joseph H. Blum*
Joseph H. Blum, Esq.
2001 Market Street, Suite 3000
Philadelphia, PA 19103
T 215.278.2555
jblum@shb.com

Marc P. Miles, Esq. (*pro hac vice* pending)
Kristy A. Schlesinger, Esq. (*pro hac vice* pending)
5 Park Plaza, Suite 1600
Irvine, CA 92614
T 949.475.1500
mmiles@shb.com
kschlesinger@shb.com

*Attorneys for Defendants Panera Bread Company and Panera, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Joseph H. Blum, hereby certify that on the 11th day of December 2023, I caused a true and correct copy of Defendants' Reply Brief in Support of their Motion to Dismiss Plaintiffs' Complaint to be served via the Court's e-filing system upon all counsel of record.

*/s/ Joseph H. Blum*
Joseph H. Blum

4879-0482-7542