IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JILL KATZ and MICHAEL KATZ, as** | : | **CIVIL ACTION** |
| **Administrators of the Estate of** | : | |
| **Sarah Katz, Deceased** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PANERA BREAD** | : | |
| **COMPANY and PANERA, LLC** | : | **NO. 23-4135** |

## PROTECTIVE ORDER

**NOW**, this 12th day of February, 2024, upon consideration of the parties' Stipulation (Doc. No. 32), it is **ORDERED** that the Stipulation is **APPROVED**.

**IT IS FURTHER ORDERED** as follows:

1. INTRODUCTION

1.1. Purposes and Limitations. Discovery in this action may involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties stipulate to and petition the Court to enter the following Stipulated Protective Order (this "Order"). The parties acknowledge that this agreement is consistent with Federal Rules of Civil Procedure Rule 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

1.2 Good Cause Statement. This action may involve sensitive and confidential personal and commercial information, including the medical and mental records of decedent Sarah Katz and the plaintiffs, as well as Defendants' claimed trade secrets and

other valuable research, formulation, recipe, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action may be warranted. To expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for certain information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

    2.      DEFINITIONS

        2.1.    Action. This pending federal lawsuit which is entitled *Jill Katz and Michael Katz, as Administrators of the Estate of Sarah Katz v. Panera Bread Company and Panera, LLC*, Case No. 2:23-cv-04135-TJS.

        2.2.    Challenging Party. A Party or Non-Party that challenges the designation of information under this Order.

        2.3.    Confidential Material. To the extent it is produced, information (regardless of the medium or manner in which it is generated, stored, or maintained) that qualifies for protection under Rule 26(c) the Federal Rules of Civil Procedure and that is not in the public domain, including, among other things, private medical and mental records and

information otherwise generally unavailable to the public or which may be confidential, privileged or protected from disclosure under state or federal statutes, court rules, case decisions, or common law. The identification of any of the aforementioned types of information shall not be construed as an admission or concession that such information is relevant or otherwise subject to discovery.

2.4. <u>Counsel</u>. In-House Counsel and Outside Counsel.

2.5. <u>Defendant(s)</u>. Panera Bread Company and Panera, LLC

2.6. <u>Designating Party</u>. A Party or Non-Party that designates information that it produces in disclosures or in responses to discovery as "CONFIDENTIAL".

2.7. <u>Discovery Material</u>. Any information, regardless of the medium or manner in which it is generated, stored, or maintained (and including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this Action.

2.8. <u>In-House Counsel</u>. Attorneys who are employed by a Party and responsible for managing litigation in this Action (and who are not Outside Counsel or any other counsel), and their support staff to whom disclosure of Confidential Material is reasonably necessary for prosecuting, defending, or attempting to settle this Action.

2.9. <u>Non-Party</u>. Any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

2.10. <u>Outside Counsel</u>. Attorneys who are not employees of a Party, but who are retained to represent or advise a Party, who have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and/or

their support staff to whom disclosure of Confidential Material is reasonably necessary for prosecuting, defending, or attempting to settle this Action.

2.11. <u>Party</u>. Any named party in this Action.

2.12. <u>Plaintiffs</u>. Jill Katz and Michael Katz, as Administrators of the Estate of Sarah Katz, deceased.

2.13. <u>Producing Party</u>. A Party or Non-Party that produces Discovery Material in this Action.

2.14. <u>Protected Material</u>. Any Discovery Material that is Confidential Material designated as "CONFIDENTIAL".

2.15. <u>Receiving Party</u>. A Party that receives Discovery Material pursuant to the terms of this Order.

3. <u>SCOPE</u>

This Order governs the use and handling of any Discovery Material. The protections conferred by this Order cover not only Protected Material, but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, communications, or presentations by any Party or their Counsel that might reveal Protected Material.

This Order does not govern: (1) the use and handling of information that is in the public domain or becomes part of the public domain through trial or otherwise; (2) a Party's use and handling of its own Protected Material; or (3) the use and handling of Protected Material at trial.

This Order shall not abrogate or diminish any contractual, statutory, or other legal privilege, obligation, or right of any party or person, nor obligate any party or person to provide any discovery to which it asserts objections.

4. ACCESS TO AND USE OF PROTECTED MATERIAL

4.1. Basic Principles. A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle this Action. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. A Receiving Party shall maintain all Protected Material at a secure location and in a secure manner so as to preclude access by persons or entities who are not entitled to access such Protected Material, and any person or entity who obtains access to Protected Material or its contents pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such Protected Material or any portion thereof except as is reasonably necessary to prosecute, defend, or settle this Action.

4.2. Handling and Use of Confidential Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Confidential Material may only be disclosed to:

(a) the Receiving Party's In-House Counsel and Outside Counsel;

(b) any Party, including officers, directors, or employees of a Party, to whom disclosure is reasonably necessary for prosecuting, defending, or attempting to settle this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) any mock juror or professional mock jury provider who is retained by any Party and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) any expert and non-attorney consultant to whom disclosure is reasonably necessary for prosecuting, defending, or attempting to settle this Action, who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court, court personnel, court reporters and their staff, and any mediators retained in this action;

(f) outside copy or imaging service company retained by counsel to assist in the duplication of Confidential Material, provided that the copy or imaging service company signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and is instructed not to disclose any Confidential Material in violation of this Order and to immediately return all originals and copies of any Confidential Material;

(g) during their depositions, witnesses in this Action to whom disclosure is reasonably necessary for prosecuting, defending, or attempting to settle this Action shall be advised that documents marked confidential may not be disclosed outside of the deposition proceeding and witnesses may not retain the Confidential Material, unless otherwise agreed by the Designating Party or ordered by the Court;

(h) the author or recipient of a document containing the Confidential Material if it is reasonably necessary for prosecuting, defending, or attempting to settle this Action;

(i) the custodian, employee, or agent of an entity that otherwise possessed or knew the Confidential Material if the custodian, employee, or agent is actively involved in

the Action and it is reasonably necessary for prosecuting, defending, or attempting to settle this Action; and

(j) any other person as to whom the Designating Party first agrees in writing and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1. <u>Exercise of Restraint and Care in Designating Protected Material</u>. Each Designating Party must take care to limit any designation under this Order to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material that qualify, so that other portions of the material for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If a Designating Party learns that Discovery Material it designated for protection does not qualify for protection, the Designating Party must promptly notify each Receiving Party that it is withdrawing the mistaken designation. If a Designating Party learns that Discovery Material it designated for protection does not qualify for protection, the Designating Party must promptly notify each Receiving Party that it is withdrawing the mistaken designation.

5.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., section 5.3 below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): the Designating Party must affix the word "CONFIDENTIAL" to each page that contains Confidential Material. Native electronic files may be designated by including the appropriate designation in the file name.

(b) Testimony given in deposition or in other pretrial proceedings: the Designating Party must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or Non-Party may, within thirty days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential Material. All deposition testimony shall be deemed Confidential Material for the first thirty days after the Parties receive the transcript to allow time for review and the foregoing opportunity for designation. If a Party desires to protect Confidential Material at trial, the issue should be addressed during the pre-trial conference.

(c) Other tangible items: the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL". If only a portion or portions of the Discovery Material warrants

protection, the Designating Party, to the extent practicable, shall identify the protected portion(s).

5.3. <u>Inadvertent Failures to Designate</u>. If corrected within 20 business days of discovery of the inadvertent failure to designate, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation within 20 business days of discovery of the inadvertent failure to designate, the Receiving Party must make reasonable efforts to (1) ensure that the material is treated in accordance with the provisions of this Order and (2) correct any prior inconsistent treatment.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1. <u>Timing of Challenges</u>. Any Challenging Party may challenge a designation under this Order at any time. Unless a prompt challenge to a Designating Party's designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Challenging Party does not waive its right to challenge a designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. <u>Meet and Confer</u>. The Challenging Party must make every attempt to resolve any dispute regarding designations without Court involvement. Any motion regarding confidentiality designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the Challenging Party has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without Court action. The certification must list the date, manner, and

participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3.     Judicial Intervention. If the parties cannot resolve a challenge without Court intervention, the Challenging Party may file and serve a motion to de-designate protected material under the rules applicable to this Court. The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Each Party shall continue to maintain the confidentiality of the material in question until the Court rules on the challenge.

7.     PROTECTED MATERIAL SUBPOENAED
OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that party must:

(a)     promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification must include a copy of this Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order,

the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

The unauthorized disclosure of Protected Material does not alter the status of the Protected Material or limit the rights or remedies of the Designating Party.

9. INADVERTENT PRODUCTION OF
   PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d).

10. ACTION TERMINATION AND RETURN OF DOCUMENTS

Within 30 days after the termination of this Action, including all appeals, each Receiving Party must either: (1) return to the Producing Party those Protected Material that maintain protection, including all copies, extracts and summaries, or (2) destroy all Protected Material that maintains protection, including all copies, extracts and summaries, in a mutually-agreeable method of destruction.

Notwithstanding this provision, Outside Counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts,

correspondence, deposition and trial exhibits, and work product of any Expert or Counsel, even if such materials contain Protected Material.

The confidentiality obligations imposed by this Order shall remain in effect following termination of this Action, unless a Designating Party agrees otherwise in writing or a court orders otherwise.

11. **INHERENT POWER OF THE COURT**

The Court reserves its inherent power to modify the terms of this agreement and permit the disclosure of information where the interest of justice so requires.

_____
TIMOTHY J. SAVAL

**EXIBIT A**

**DECLARATION OF ACKNOWLEDGMENT
AND AGREEMENT TO BE BOUND**

I, _____ [print full name], of _____

_____ [print full address], declare under penalty of perjury that:

(1)   I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Pennsylvania in the case of *Jill Katz and Michael Katz, as Administrators of the Estate of Sarah Katz v. Panera Bread Company and Panera, LLC* (Case No. 2:23-cv-04135-TJS);

(2)   I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt;

(3)   I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order; and

(4)   I agree to submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed name: _____

Signature: _____

Date: _____

City & State: _____