**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JILL KATZ and MICHAEL KATZ, as    :
Administrators of the Estate of SARAH  :
KATZ, Deceased,                :
                            :   Civil No.: 2:23-cv-04135-TJS
                            :
         Plaintiffs,          :
                            :
      vs.                   :
                            :
PANERA BREAD COMPANY and     :
PANERA, LLC,               :
                            :
         Defendants.        :
                            :

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**
**COMPLETE RESPONSES AND SUPPLEMENTAL REQUESTS FOR**
**<u>PRODUCTION OF DOCUMENTS</u>**

      Defendants Panera Bread Company and Panera, LLC ("Defendants") submit this

Opposition to Plaintiffs Jill Katz and Michael Katz's ("Plaintiffs") Motion to Compel Complete

Responses and Supplemental Requests for Production of Documents, and Defendants would show

this Court as follows:

**I.      INTRODUCTION**

      Plaintiffs' motion grossly misstates nearly every issue that it raises and cannot be taken at

face value.  Plaintiffs' motion claims Court intervention is necessary because Defendants did not

provide any responses, but only asserted objections.  This is not accurate.  Defendants provided a

substantive response to every document demand by stating whether the documents will be

produced or if they will not be produced, why not (i.e., they were already produced, do not exist,

or are not within the possession, custody or control of the Defendants).  Plaintiffs' motion claims

Defendants did not produce a single document.  This is not true.  Defendants made a document

1

production and sent it in the same email with the responses (which Plaintiffs have based on their motion). In short, despite the bold assertions in Plaintiffs' motion, while Defendants asserted appropriate objections, they also provided substantive code-compliant responses and produced documents. Defendants did not withhold any documents, and there is nothing further that could be compelled.

Last, much, if not all, of Plaintiffs' motion could have been avoided if they had met and conferred in good faith (which is required by law). Instead, after having received Defendants' responses and document production on the afternoon of April 18, 2024, Plaintiffs' sent a letter raising some—but not all of the responses—at 11:30 am on April 19, 2024. At this time, the parties were in court on this case conducting the settlement conference. By 5:30 pm that afternoon, Plaintiffs filed the instant motion to compel on all of the responses. Not only did Plaintiffs not meet and confer on the issues raised by their letter, they never attempted to meet and confer on all of the responses not raised by their letter. Had they done so, Plaintiffs' motion would have likely not been based on the misstatements and lack of understanding that Defendants now must unwind for the Court.

Had Plaintiffs met and conferred, Defendants could have provided useful information, as it is clear from the motion that it is based on a lack of understanding of the documents Plaintiffs already have and the corporate practices of the Defendants. The dramatic difference between Defendants' actual written responses and Plaintiffs' false characterization is the result of a fundamental misunderstanding of Defendants' corporate records and the rush to file a motion simply for the sake of filing it.

Plaintiffs' motion is unnecessary. The motion is not supported by reasonable meet and confer, which Defendants understand is a substantive requirement and not simply perfunctory, and

the entirety of the motion argues objections while ignoring Defendants' substantive responses.  In Plaintiffs haste to file, they also violated the Court's Protective Order, which prohibits a party from quoting or summarizing the contents of documents designated as Confidential.

Defendants respectfully request that the motion be denied.

## II.    RELEVANT FACTS

On February 9, 2024, Defendants served responses to Plaintiffs' First Set of Requests for Production of Documents.   On February 13, 2024, Defendants made their first document production.

On March 20, 2024, Defendants made a second document production following a request for underlying communications that were summarized in Defendants' consumer inquiry report (which was previously produced).

From February 9, 2024 through close of fact discovery on April 19, 2024, Plaintiffs never took issue with any of Defendants' objections or responses to Plaintiffs' First Set of Requests for Production of Documents, and there were no outstanding discovery disputes.

On March 19, 2024, Plaintiffs propounded a Supplemental Request for Production of Documents containing 15 new document requests.  This was the last day to propound discovery to allow for responses before the discovery cutoff on April 19, 2024.

On April 18, 2024, Defendants timely and substantively responded to all 15 requests, and produced all responsive documents in their possession, custody or control, which had not already been produced.  Defendants' service email stated, "Attached please find Defendants' responses and documents to Plaintiffs' Supplemental Requests for Production of Documents." The email contained 2 PDF files.  The first document was the responses and the second was the document production.

On April 19, 2024 at 11:28 a.m., Plaintiffs' sent Defendants an email attaching a letter concerning their responses to the Supplemental Requests for Production.  Plaintiffs' email was sent during the parties' mandatory, in-person Settlement Conference with the Hon. Scott W. Reid.

Plaintiffs' letter sought to meet and confer on Defendants' responses to Request Nos. 1-5, and did not address any of the other requests or responses.  Plaintiffs demanded supplemental responses and documents to Request Nos. 1-5 by 4:30 p.m. that same day (5 hours later while the parties were in court and actively engaged in the Settlement Conference), or else they would file a motion.

Despite having set a 5 hour deadline during a Settlement Conference, and all parties being physically together in Court for hours with Judge Reid, Plaintiffs never mentioned the demand, their deadline, or sought to verbally meet and confer with Defendants who were sitting in court with them.  Plaintiffs instead kept quiet, and at 5:14 p.m., filed the instant motion concerning all 15 of Plaintiffs' requests, and not the just the five that were the subject of the letter.

## III.    LEGAL ARGUMENT

### A.    Defendants' Complied with their Discovery Obligations

Federal Rules of Civil Procedure, Rule 34 permits the party responding to a request for production to (1) object with specificity to the category requested (lest the objection be waived), (2) make a representation of compliance, or (3) make a representation of the inability to comply with the request.  *See* FRCP 34(b)(2)(B), *Searock v. Stripling,* 736 F2d 650, 653-654 (11th Cir. 1984).

In response to each of Plaintiffs' 15 requests, Defendants complied with their statutory obligations and did not simply object, as Plaintiffs contend.  Instead, Defendants' provided code-compliant substantive response indicating that either (1) responsive documents have already been

produced; (2) responsive documents will be produced (and were); or (3) Defendants cannot comply because the requested documents are not within their possession, custody or control.

### 1.     Defendants Indicated Responsive Documents Have Already Produced

Plaintiffs' **Request No. 6** seeks documents regarding "supervisor responses to Panera Customer Care Inquiries (PAN4100)." Despite the fact that the request contains no limitations as to time or the scope of the customer inquiry, Defendants already produced this information. As such, Defendants' substantive response states: "Defendants have already complied with this request by previously producing responsive, non-privileged documents through the date of the incident which were identified through a reasonable search of the information within Defendants' possession, custody or control."

Plaintiffs should have been aware of these documents already produced to them. Plaintiffs' First Set of Requests for Production sought all consumer complaints regarding Charged Lemonade through September 10, 2022. On February 13, Defendants produced PAN 0004100, a native excel spreadsheet containing all customer inquiries concerning Charged Lemonade through September 10, 2022. While the spreadsheet summarizes verbatim the communications with customers, Plaintiffs subsequently demanded all underlying emails and internal communications concerning the entries in the spreadsheet. Defendants complied, and on March 20, 2024, Defendants produced all emails and internal case notes supporting the excel spreadsheet (PAN 0004100), which were within their possession, custody or control (PAN 0004232-4566 – a 334 page document production).

On March 27, 2024, Plaintiffs conducted the deposition of Chris Incorvati, Defendants' Rule 30(b)(6) witness concerning consumer inquiries. Plaintiffs examined Mr. Incorvati on the Excel spreadsheet and the underlying documentation communications produced on March 20. It

is entirely disingenuous for Plaintiffs to now claim that Defendants did not properly respond to RFP 6, but only objected and withheld responsive documents. Defendants did no such thing. Plaintiffs have the documents and examined a witness on them. And Defendants' substantive response clued them in and explained that the document had already been produced. There is nothing to be compelled.

Plaintiffs' **Request Nos. 14 and 15** sought Defendants' written training materials regarding the mixing and service of Charged Lemonade. In response, Defendants stated, "Defendants have already complied with this request by previously producing responsive, non-privileged documents, which were identified through a reasonable search of the information within Defendants' possession, custody and control." Defendants produced those long ago, and Plaintiffs' apparent lack of understanding of the documents they have does not justify a motion to compel. There is nothing to be compelled.

Further evidence that these document were already produced is the fact that Plaintiffs' Request No. 21 to its First Set of Requests for Production sought this exact same information: "Any and all documents, things, and/or information relating to the preparation of Charged Lemonade by Panera employees, including recipes, policies, instructions, safety guidelines, training materials, and discussions of safety concerns and/or modifications to the Charged Lemonade recipe." Defendants substantively responded: "Defendants will comply with this request by producing responsive, non-privileged documents concerning the mixing of Mango Yuzu Citrus Charged Lemonade through the date of the incident which are identified through a reasonable search of the information within Defendants' possession, custody or control and following the entry of the parties' Stipulated Protective Order." On February 13, 2024, Defendants produced those documents. Plaintiffs never sought to meet and confer, and did not take any

6

exception to Defendants' response or the scope of the production.  When Plaintiffs asked for the same documents again, Defendants advised they had already been produced. There is nothing to be compelled.

Similarly, **Request No. 13** partially seeks "full conversations excerpted in" PAN 0002212, PAN 0002308, PAN 0002312, PAN 0003998, and PAN 0004013.   In response, Defendants substantively responded in detail: "With regard to PAN 0002212, PAN 0002308, PAN 0002312, PAN 0003998, and PAN 0004013 Defendants have already complied with this request by previously producing responsive, non-privileged emails, identified through a reasonable search of the information within Defendants' possession, custody and control."

It seems Plaintiffs lack a fundamental understanding of the documents already produced. The five documents referenced directly above are not email excerpts for which there are "full conversations."  Instead, they are instant messages between Defendants' employees.  Plaintiffs have been advised of this fact during the deposition of Defendants' representatives on several occasions.  These instant messages do not appear in the normal course of Defendants' business as a nested conversation (like an email chain), and instead are preserved as individual communications.  An examination of the date and time stamp for each of the five documents indicates that they part of the same conversation, between the same employees.  [See PAN 0002212, PAN 0002308, PAN 0002312, PAN 0003998, and PAN 0004013]  Plaintiffs have the conversation they are seeking.  As such, Defendants properly responded to Request No. 13 by indicating that with respect to the foregoing five documents, Defendants have already produced the responsive documents.  Plaintiffs simply do not understand what they have.  There is nothing to be compelled.

      **2.**      **Defendants Indicated Responsive Documents Would Be Produced**

Plaintiffs' **Request No. 10** asked for the "Panera Caffeine Guide referenced in PAN 0003115."  Despite the fact that the document is objectionable because it does not pertain to the Mango Yuzu Citrus Charged Lemonade purportedly consumed by Sarah Katz or even the timing of consumption, Defendants provided a substantive response indicating they will produce the document: "Defendants will comply with this request by producing the requested document, which was identified through a reasonable search of the information within Defendants; possession, custody or control."  Consistent with the representation of compliance, on April 18, Defendants produced that document, which was attached to the email that also contained the written responses (as described above).  There is nothing to be compelled.

Similarly, **Request No. 12** seeks any reply emails to PAN 0001289.  Defendants provided a substantive response indicating they will produce the responsive document: "Defendants have already complied with this request by previously producing responsive, non-privileged documents, and will further comply by producing an additional responsive, non-privileged document identified through a reasonable search of the information within Defendants' possession, custody and control."

Here, Defendants performed a search of its February 13, 2024 document production and quickly found a reply to PAN 0001289.  Once again, Plaintiffs were unaware that the reply document was already in their possession and had been produced back in February.  Nonetheless, Defendants went one step further and searched its underlying email database for any other replies to PAN 0001289, and found one additional response that simply says "Thanks." Based thereon, Defendants' response advised Plaintiffs that it had already complied with the request, but had also located an additional email for production.  On April 18, Defendants produced that email.  There is nothing to be compelled.

Rather than withholding key documents and only objecting—as Plaintiffs represented to the Court—Defendants made full representations of compliance, even when the ask involved doing the work Plaintiff could have and should have done, and producing an additional email that says "Thanks" for the sake of completeness.

**3.      Defendants Indicated Their Inability to Comply Because Responsive Documents Are Not in their Possession Custody or Control**

**Request Nos. 8 and 9** seek production of slide decks that were hyperlinked in emails identified as PAN 0001587 and PAN 0002029, dated March and September of 2021.  Defendants have attempted to access those hyperlinks and they no longer connect to any document.  Based thereon, Defendants substantively responded: "Following a diligent search and reasonable inquiry, Defendants are unable to comply with the request because there are no responsive documents within Defendants' possession, custody or control."  Rather than a slew of objections and a refusal to comply, Defendants cannot produce documents that they no longer have.  There is nothing to be compelled.

**4.      Defendants Indicated Their Inability to Comply Because Responsive Documents Do Not Exist**

The same applies to documents that do not exist.  Request **Nos. 1 and 2** seek documents referenced in PAN 0001830 and PAN 0003997 (i.e., C2 through C4 2022 survey results from "Voice of Guest" and "Café Health Ask Now").  Defendants reviewed the two documents which are the subject of these document request and neither PAN 0001830 and PAN 0003997 reference survey results from C2 through C4 2022 for "Voice of Guest" or "Café Health Ask Now." Moreover, the timing does not coincide with Plaintiffs' requests.  Defendants' C2 2022 ran from March 30 through June 21, 2022, C3 ran from June 22 through August 30, 2022, and C4 was from

August 31 through November 15, 2022.  Yet, the documents that Plaintiffs refer to are dated June 2 and August 12, 2022, which pre-dates the close of the C2-C4 time period.  Thus, there are no documents responsive to these two requests.

Based thereon, Defendants substantively responded: "Following a diligent search and reasonable inquiry, Defendants are unable to comply with this request because . . . responsive documents do not exist."  There is nothing to be compelled.

**Request Nos. 3 through 5** seek Board of Director Meeting Minutes discussing Charged Lemonade and customer inquiries concerning Charged Lemonade. Defendants performed a diligent search and reasonable inquiry.  Defendants reviewed all Board of Directors Meeting Minutes from the relevant time period through September 10, 2022 (date of the subject injury). None of the written meeting minutes discuss or reference Charged Lemonade or customer inquiries concerning Charged Lemonade.  As such, Defendants substantively responded: "Following a diligent search and reasonable inquiry, Defendants are unable to comply with this request because responsive documents from January 2021 through the date of the injury do not exist."  There is nothing to be compelled.

Similarly, **Request No. 7** requests all "exchanges with Oliver at JAB" as referenced in PAN 0003394, dated February 20, 2021.  Defendants similarly performed a search and there are no such emails.  This should not be surprising to Plaintiffs.  Plaintiffs' conducted the deposition of Eduardo Luz, the author of the relevant portion of PAN 0003394.  Mr. Luz testified at length as to his *verbal* communications with Olivier during the February 2021 time frame.  No email communications were referenced, and Plaintiffs' motion is brought on the incorrect guess that their exchanges were in writing and not verbal.  When no documents were found, Defendants substantively responded: "Following a diligent search and reasonable inquiry, Defendants are

unable to comply with this request because written responsive "exchanges" do not exist."  There is nothing to be compelled.

**Request No. 11** seeks any reply emails to PAN 0001933.  Defendants conducted a search of the prior document productions, as well as the underlying email database and there are no reply emails.  **Request No. 13** also partially seeks "full conversations excerpted" from to PAN 0002289, PAN 0002312, PAN 0002654, PAN 0003385 and PAN 0003801.  As referenced above, this group of documents represent instant messages that do not present as nested messages in the normal course and scope of Defendants' business.  Nonetheless, Defendants conducted a search of the prior document productions, as well as the underlying database, and there are no replies.  As such, in response to Request No. 11 and that portion of Request No. 13, Defendants confirmed a diligent and reasonable search, along with the inability to comply because the responsive documents do not exist.  There is nothing to be compelled.

Rather than relying solely on objections and refusing to produce documents (as Plaintiffs tell the Court), Defendants have done the exact opposite.  Each of Defendants' responses are full, complete and consistent with its discovery obligations.  Plaintiffs' motion, which argues objections and ignores the substance of the responses and the production of responsive documents should never have been filed and should be denied.

**B.      Plaintiffs' Local Rule 26.1 Certification is Defective**

Local Rule 26.1(f) states "No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute."  Local Rules of Civil Procedure, United States District Court for the Eastern District of Pennsylvania, Rule 26.1(f).

Plaintiffs served Defendants with a "meet and confer" letter during the parties' mandatory, in-person Settlement Conference.  Plaintiffs provided Defendants with 5 hour window of time to meet and confer and produce supplemental responses and documents.  During that time, and despite the fact that the parties were in adjacent rooms for hours, Plaintiffs made no effort to resolve this alleged discovery dispute with a simple conversation.  Not only is this not a reasonable effort or could possibly be in good faith, but the meet and confer letter did not address every request that is the subject of the motion, only five of them.  There was not even this defective effort at a meet and confer on the majority of the requests contained in the subject motion.  Defendants presume the Court's meet and confer requirement and process is an integral and mandatory prerequisite to bring the instant motion, and should have consequences for violating.

Defendants respectfully assert that Plaintiffs' certification in support of their motion is defective.

### C.      Plaintiffs' Motion Violates the Parties' Stipulated Protective Order

On February 24, 2024, the Court entered a stipulated Protected Order.  Section 3 sets forth the "Scope" of the Order and protects from public dissemination "all copies, excerpts, summaries, or compilations of Protected Material."  Contrary to this provision, Plaintiffs' motion heavily summarizes the contents of documents produced by Defendants which were marked "CONFIDENTIAL" and are considered "Protected Material" under the Order.  Rather than redact the summarized material, Plaintiffs placed them into the public domain in violation of the Protective Order.  At minimum, Plaintiffs' should be ordered to redact the summarized portions Protective Material from the motion and refile it, and the April 19, 2024 version should be stricken from the docket.

## **CONCLUSION**

For all the foregoing reasons, Defendants respectfully request this Court deny Plaintiffs'

motion in its entirety, and Order Plaintiff to comply with the February 24, 2024 Protective Order.

Respectfully submitted,

Dated: April 23, 2024                          **SHOOK, HARDY & BACON L.L.P.**

 */s/ Marc P. Miles*
Joseph H. Blum, Esq.
2001 Market Street, Suite 3000
Philadelphia, PA 19103
T 215.278.2555
jblum@shb.com

Marc P. Miles, Esq. (admitted *pro hac vice*)
Kristy A. Schlesinger, Esq. (admitted *pro hac vice*)
5 Park Plaza, Suite 1600
Irvine, CA 92614
T 949.475.1500
mmiles@shb.com
kschlesinger@shb.com

*Attorneys for Defendants Panera Bread Company and*
*Panera, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Marc P. Miles, hereby certify that on the 23rd day of April 2024, I caused a true and correct copy of Defendants' Opposition to Plaintiffs' Motion to Compel Complete Responses and Supplemental Requests for Production of Documents to be served via the Court's e-filing system upon all counsel of record.

*/s/ Marc P. Miles*_____
Marc P. Miles

4883-9377-7848