IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL KATZ and MICHAEL KATZ, As Administrators of the Estate of Sarah Katz, Deceased<br><br>*Plaintiffs,*<br><br>v.<br><br>PANERA BREAD COMPANY and PANERA, LLC<br><br>*Defendants.* | CIVIL ACTION<br><br><br><br>NO. 23-4135 |

**JOINT SUBMISSION**

In accordance with this Court's Order dated April 24, 2024, Plaintiffs Jill Katz and Michael Katz ("Plaintiffs") and Defendants Panera Bread Company and Panera, LLC ("Defendants") submit this Joint Report on Plaintiffs' Motion to Compel Complete Responses and Supplemental Requests for Production of Documents.

**I.      INTRODUCTION**

On Thursday, April 18, 2024, Defendants served their written responses to Plaintiffs' Supplemental Requests for Production of Documents and produced documents therewith.

On Friday, April 19, 2024, Plaintiffs sent a meet and confer letter at 11:28 am during the Parties' Settlement Conference in this case regarding 5 of the 15 responses. At 5:27 pm, Plaintiffs filed a motion to compel regarding all 15 responses. [Dkt No. 37]

On Monday, April 22, 2024, the Court ordered Defendants to respond to the motion to compel by 5:00 pm (Eastern) the following day. [Dkt No. 39] The Court then referred the motion to Magistrate Judge Scott W. Reid for disposition. [Dkt No. 40]

On Tuesday, April 23, 2024, Defendants filed their opposition to the motion to compel. [Dkt No. 41]

On Wednesday, April 24, 2024, Judge Reid ordered the Parties to meet and confer and file a joint report not later than Friday April 26, 2024 by 3:00 pm (Eastern). [Dkt No. 42]

## II.   MEET AND CONFER

Pursuant to the Court's order, on April 24, 2024, Elizabeth Crawford and Michelle Paznokas for the Plaintiffs and Marc Miles and Kristy Schlesinger for the Defendants met and conferred via Zoom and discussed the Plaintiffs' Supplemental Request for Production of Documents and Defendants' responses thereto, as well as the issues raised by the motion to compel and the opposition.

Following the discussion, Plaintiffs indicated they had an idea to propound a Request for Admission, but wanted to give it some more thought. Defendants indicated they were not inclined to agree to resolve the current discovery motion (brought by Plaintiffs) by way Plaintiffs propounding new discovery—especially since the Court ordered that discovery closed on April 19, 2024. In light of the information provided via the opposition brief and the discussion during the meet and confer, Defendants suggested Plaintiffs withdraw their motion.

On April 25, 2024, Plaintiffs sent a proposed Request for Admission, which states:

> Request 19: Admit that Panera conducted no further Voice of Guest or Café Health Ask Now surveys between May 17, 2022 and September 10, 2022 regarding the percentage of Panera guests who purchased Charged Lemonade without knowing the product contained caffeine.

Defendants decline to agree to new discovery after the Court-ordered cut-off, and contend it is not a proper vehicle to try to cure Plaintiffs' motion.

Plaintiffs have decided to withdraw their motion to compel with respect to RFP Nos. 3-15, and proceed with RFP Nos. 1 and 2.

### III. PLAINTIFFS' POSITION

Defendants both represented in their opposition to Plaintiffs' Motion to Compel and during the meet-and-confer session that they have no documents responsive to the following Requests for Production:

1. Any and all Voice of Guest survey results relating to Charged Lemonade from C2-C4 2022 *as referenced in PAN0001830 and PAN0003997*
2. Any and all Café Health Ask Now survey results relating to Charged Lemonade from C2-C4 2022 *as referenced in PAN0001830 and PAN0003997*
3. Any and all board meeting minutes from January 2021 to September 2022 that involve any discussions regarding Charged Lemonade *as referenced in PAN003394-95*
4. Any and all board meeting minutes from January 2021 to March 2021 involving discussions of the amount of caffeine in the Charged Lemonade *as referenced in PAN0003250*
5. Any and all board meeting minutes from March 2022 to September 2022 regarding Panera Customer Care Inquiries (PAN4100) as it relates to the Charged Lemonade
6. Any and all documents regarding supervisor responses to Panera Customer Care Inquiries (PAN4100) as it relates to the Charged Lemonade
7. Any and all documents involving communications with JAB Holdings *as referenced in PAN0003394* as it relates to the Charged Lemonade
8. Boston Consulting Group (BCG) Slide Deck *referenced in PAN0001587*
9. Deck linked *in PAN0002029*
10. Panera Caffeine Guide referenced *in PAN0003115*
11. Any and all documentation relating to a reply email to PAN0001933
12. Any and all documentation relating to a reply email to PAN0001289
13. Any and all documentation relating to the full conversation excerpted in PAN0002212; PAN0002289; PAN0002308; PAN0002312; PAN0002321; PAN0002654; PAN0003385; PAN0003801; PAN0003998; PAN0004013
14. Any and all written training materials for Panera employees relating to mixing the Charged Lemonade from April 2021 to September 2022
15. Any and all written training materials for Panera employees relating to the service of Charged Lemonade from April 2021 to September 2022

Accordingly, in a good faith effort to resolve these issues without Court intervention and reliance on Defendants' representation, Plaintiffs are withdrawing their Motion to Compel as it relates to #3-15.

As it relates to #1 and #2, Panera likewise did not produce any results for surveys conducted after 5/17/2022 and represented that they have no documents responsive to those requests. However, Plaintiffs' position is that there are other documents produced by the Defendants suggest that subsequent weekly Voice of Guest and Café Health Ask Now surveys were conducted on Charged Lemonade.[1] It is Plaintiffs' position that Panera did not adequately answer Plaintiffs' request for "Any and all Voice of Guest survey results relating to Charged Lemonade from C2-C4 2022," instead focusing on the "as referenced in" clause of Plaintiffs request. This response does not answer whether survey results conducted after 5/17/2022 exist. If these results exist, they are responsive to multiple initial discovery requests submitted by Plaintiffs at the outset of discovery and should be produced immediately.

As a result of that discrepancy, Plaintiffs suggested a compromise during the meet-and-confer session and with a follow-up letter: a single request for admission that resolves the question of whether survey results after 5/17/2022 exist. This single request for admission will be provided to the Court as well with the corresponding letter sent to Defendants. If there are no "Voice of Guest survey results relating to Charged Lemonade from C2-C4 2022," then it is Plaintiffs' position that Defendants should be bound to this with a formal admission that they discontinued surveys of customer perceptions of Charged Lemonade's caffeine content despite receiving dozens of customer complaints regarding inadvertent caffeine consumption. If the statement which Plaintiffs request as an admission is not true, then Panera should produce all documents reflecting

---

[1] As the basis for this statement may involve confidential documents, Plaintiffs will provide to the Court separately the follow-up letter to Defendants after the meet-and-confer session.

4

Voice of Guest and Café Health Ask Now survey results from 5/17/2022 through September 10, 2022, as requested in Plaintiffs' Motion to Compel. It is Plaintiffs' position that this request for admission does ***not*** reopen discovery, but rather seeks to put to rest an outstanding issue of crucial importance to this case.

IV.   **DEFENDANTS' POSITION**

As a preliminary matter, Plaintiffs' statement directly above that Defendants' discovery responses were that they "have no documents responsive to" all 15 categories is not true. Plaintiffs similarly made that misrepresentation to the Court in their motion. In the opposition brief, Defendants were forced to unwind that misrepresentation by demonstrating that Defendants produced documents with their responses, and with respect to some of the requests, Defendants had already produced responsive documents months ago. Plaintiffs' statement herein is similarly not true and undoubtedly intended to cast a false stonewalling light on Defendants.

The heart of this dispute is that Plaintiffs are trying to use a motion to compel to re-write their discovery requests after receiving a substantive answer they do not like. As to RFP Nos. 1-2,[2] Plaintiffs asked two very intentional document requests: (1) Provide all Voice of Guest survey results referenced the documents Bates labeled PAN0001830 and PAN0003997; and (2) Provide all Café Health Ask Now survey results referenced in documents Bates labeled PAN0001830 and PAN0003997.

Defendants searched for any and all such responsive documents. Finding none, Defendants provided a substantive response indicating there are no responsive documents. Plaintiffs now seek to re-write the document requests to "all documents reflecting Voice of Guest and Café Health

---

[2] Plaintiffs have conceded that their motion as to Nos. 3-15 is without merit and have withdrawn them.

5

Ask Now survey results from 5/17/2022 through September 10, 2022." (See Plaintiffs' Position above.)

Plaintiffs were very deliberate in their original document requests. They identified two particular documents by Bates label and requested the survey results reference in those documents. Plaintiffs could not credibly argue that despite the specificity of the requests, they were really requesting every single survey result—especially since Defendants have already produced other such survey results and Plaintiffs have used them in deposition to examine Defendants' witnesses. Plus, such a re-write would not have any time or scope parameters and would be flawed for other reasons. For example, survey results from last month would not be proportionate to the needs of the case; nor would survey results from the Alaska cafés, in that the decedent only visited the Philadelphia one.

Defendants have found no legal authority to support the use of a motion to compel two specific document requests to be used as a vehicle to re-write those documents requests after receiving unqualified substantive answers to those requests. While meet and confer efforts are often useful to narrow or modify requests to address objections, they are not permitted to change a request in response to a substantive answer. If for some reason that is the standard here, for which Defendants have found no supporting legal authority, Defendants request that it be applied equally and Defendants permitted to file motions to compel re-write some of their discovery requests based on Plaintiffs' answers.

Finally, Defendants do not agree with Plaintiffs that their motion to compel is a vehicle to propound additional discovery (a Request for Admission) after the discovery cut-off, and therefore declined the invitation.

## V.  CONCLUSION

Due to the impasse as to the answers to RFPs Nos. 1 and 2, the Parties request the Court rule on the motion.

Respectfully Submitted,

**KLINE & SPECTER, P.C.**

By: */s/ Elizabeth A. Crawford, Esquire*
Thomas R. Kline, Esquire
Elizabeth A. Crawford, Esquire
Michelle A. Paznokas, Esquire
*Attorneys for Plaintiffs*

**SHOOK, HARDY & BACON, L.L.P.**

By: */s/ Marc Miles, Esquire*
Marc Miles, Esquire
Kristy A. Schlesinger, Esquire
*Attorneys for Defendants*

Dated: April 26, 2024