IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| JILL KATZ and MICHAEL KATZ, | : | |
| as Administrators of the Estate of | : | |
| SARAH KATZ | : | |
| | : | NO. 23-CV-4135 TJS |
| v. | : | |
| | : | |
| PANERA BREAD COMPANY and | : | |
| PANERA, LLC | : | |
| | : | |

**O R D E R**

AND NOW, this 29th day of April, 2024, upon consideration of Plaintiffs' Motion to Compel Defendants' Complete Responses to Supplemental Requests for Production of Documents (ECF Doc. No. 37), Defendants' Opposition to Plaintiffs' Motion to Compel (ECF Doc. No. 41), and the Parties' Joint Motion to Compel Complete Responses to Supplemental Requests for Production of Documents, docketed in this case as ECF Doc. No. 46[1], it is hereby ORDERED that the Motion is GRANTED IN PART and DENIED IN PART;

**REQUESTS NO. 1 AND 2**:  Plaintiffs' Motion to Compel is GRANTED as to the production of documents responsive to Supplemental Document Requests 1 and 2.

The timing issue raised by Defendants is not relevant to the supplemental document requests and is not a basis to withhold the requested material from the C2-C4 2022 time range. In the Joint Motion, Plaintiffs took the position that it sought "Voice of Guest" or "Café Health Ask Now" survey results from May 17, 2022, through September 10, 2022. As such, any document production is limited to that time period. To the extent that the referenced Bates Stamped pages

---

[1] After meeting and conferring on April 24, 2024, Plaintiffs have withdrawn their motion to compel Defendants' responses to Supplemental Document Requests Nos. 3-15.  (*See* ECF Doc. No. 46).  Accordingly, the Court will only consider Plaintiffs' Motion to Compel as it relates to Supplemental Document Requests Nos. 1-2.

do not mention the "Voice of Guest" or "Café Health Ask Now" customer surveys, this too is irrelevant because the customer surveys sought by Plaintiffs' must have come from some source. The fact that Plaintiffs' supplemental document requests do not reference *where* the customer surveys are mentioned does not and should not operate as a limitation on Defendants' production of responsive information. The geographical limitation asserted by Defendants in the Joint Motion must be rejected because there is no suggestion that corporate policy regarding Charged Lemonade was determined on a state-by-state basis.

Given the foregoing specifications as to the scope of the response, Defendants are ordered to produce all documents responsive to Supplemental Document Requests No. 1 and 2 on or before May 6, 2024. If there are no responsive documents, the Defendants should so state in a verified response on or before May 6, 2024. If the reason that no such responsive documents exist is that "Voice of Guest" and/or "Café Health Ask Now" were discontinued or otherwise abandoned on or after May 17, 2022, the Defendants should so state in a verified response on or before May 6, 2024.

Although this does represent an expansion of the scope of Plaintiffs' original requests, it is appropriately ordered, because the purpose of the Meet and Confer, as ordered by the Court, was to "narrow, **modify**, or **clarify**" the requests. *See* ECF Doc. No. 42. In light of this Order, Plaintiffs' request to pose a new Request for Admission is DENIED.

BY THE COURT:

*/s/ Scott W. Reid*

_____
SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE