IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL KATZ and MICHAEL KATZ, As Administrators of the Estate of Sarah Katz, Deceased<br><br>*Plaintiffs,*<br><br>v.<br><br>PANERA BREAD COMPANY and PANERA, LLC<br><br>*Defendants.* | CIVIL ACTION<br><br><br><br>NO. 23-4135 |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' DAUBERT MOTION TO PRECLUDE OR LIMIT THE TESTIMONY OF PLAINTIFFS' EXPERT, DR. ROBERT A. MIDDLEBERG

Plaintiffs Jill and Michael Katz, as Administrators of the Estate of Sarah Katz, Deceased, by and through the undersigned counsel, submit this opposition to Defendants' motion as follows:

As discussed more fully in Plaintiffs' memorandum of law, incorporated by reference herein, Panera Bread Company and Panera, LLC (collectively, "Panera" or "Defendants") have moved to preclude or limit the testimony of Plaintiffs' toxicology expert, Dr. Middleberg. *See generally* Report & CV of Dr. Middleberg, attached as Exhibits "A" and "B." This motion should be denied.

Despite being labeled a "*Daubert* motion," Defendants' motion is actually a motion *in limine*, and as such, the requested relief would be premature before the witness testifies at trial. Defendants' purported grievances stem from how the parties choose to elicit trial testimony and how the expert responds to questioning. The Court cannot rule on this motion in a vacuum before that time.

1

In any event, Defendants have failed to meet their burden of establishing that precluding or limiting Plaintiffs' expert is warranted under the *Daubert* standard. There is no dispute that Dr. Middleberg is a qualified forensic toxicology expert, or that his testimony would aid the jury in assessing the facts of the case. In fact, he is the only forensic toxicology expert retained in this case. Forensic toxicology is a multidisciplinary field which combines the principles of toxicology with expertise in analytical chemistry, pharmacology, and clinical chemistry to investigate death, poisoning, and drug use. Defendants' complaint is that he refused to adopt Panera's suggested methodology of "reverse engineering" his calculations as performed by their pharmacokinetics expert from Canada—which is ***not*** proper forensic toxicological methodology.

In reality, Dr. Middleberg's methodology was reliable in the field of forensic toxicology and based largely on Sarah Katz's autopsy and postmortem toxicology. In addition to his lab's in-depth toxicological analysis, Dr. Middleberg also relied on a long list of case materials, including but not limited to Sarah Katz's medical records, Panera's litany of customer complaints about Charged Lemonade, and relevant deposition testimony. He explained in detail in his report and during his deposition how he arrived at the approximate dose of caffeine that Sarah Katz consumed leading up to her death, within a reasonable degree of certainty. His process was scientifically sound, satisfying *Daubert*.

WHEREFORE, Plaintiffs respectfully request this Court deny Defendants' motion and enter an Order in the form proposed.

                        Respectfully Submitted,

                        **KLINE & SPECTER, P.C.**

                        By:    */s/ Elizabeth A. Crawford, Esquire*
                                 Thomas R. Kline, Esquire
                                 Elizabeth A. Crawford, Esquire
                                 Michelle A. Paznokas, Esquire
                                 Wyatt J. Larkin, Esquire
                                 *Attorneys for Plaintiffs*

Dated: August 9, 2024