## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JILL KATZ and MICHAEL KATZ, as Administrators of the Estate of SARAH KATZ, Deceased,<br><br>*Plaintiffs*,<br><br>v.<br><br>PANERA BREAD COMPANY and PANERA, LLC,<br><br>*Defendants*. | CIVIL ACTION NO. 2:23-cv-04135-TJS |

## <u>ORDER</u>

AND NOW, this ___ day of September, 2024, upon consideration of Defendants Panera Bread Company and Panera, LLC's Motion for Reconsideration, and for good cause shown, it is hereby ORDERED that Defendants' Motion is granted and the Scheduling Order is amended as follows:

Hearing on Motions in Limine:   _____

Final Pre-Trial Conference :    _____

Trial:                          _____


Dated: September __, 2024        _____
                                 HON. TIMOTHY J. SAVAGE
                                 UNITED STATES DISTRICT JUDGE

0

4882-3721-9300

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL KATZ and MICHAEL KATZ, as Administrators of the Estate of SARAH KATZ, Deceased,<br><br>*Plaintiffs*,<br><br>v.<br><br>PANERA BREAD COMPANY and PANERA, LLC,<br><br>*Defendants*. | CIVIL ACTION NO. 2:23-cv-04135-TJS |

## DEFENDANTS' MOTION FOR RECONSIDERATION

Defendants Panera Bread Company and Panera, LLC ("Defendants") hereby move this Court to reconsider its Order dated September 4, 2024 [Dkt. 126], and request a brief continuance of the current remaining pre-trial and trial dates.

Respectfully submitted,

Dated: September 16, 2024

**SHOOK, HARDY & BACON L.L.P.**

*/s/ Marc P. Miles*
Marc P. Miles, Esq. (admitted *pro hac vice*)
Kristy A. Schlesinger, Esq. (admitted *pro hac vice*)
Gabriel S. Spooner, Esq. (admitted *pro hac vice*)
5 Park Plaza, Suite 1600
Irvine, CA 92614
T 949.475.1500
mmiles@shb.com
kschlesinger@shb.com

1

4882-3721-9300

Joseph H. Blum, Esq.
2001 Market Street, Suite 3000
Philadelphia, PA 19103
T 215.278.2555
jblum@shb.com

*Attorneys for Defendants Panera Bread Company and Panera, LLC*

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JILL KATZ and MICHAEL KATZ, as Administrators of the Estate of SARAH KATZ, Deceased, <br><br> *Plaintiffs*, <br><br> v. <br><br> PANERA BREAD COMPANY and PANERA, LLC, <br><br> *Defendants*. | CIVIL ACTION NO. 2:23-cv-04135-TJS |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION

Defendants Panera Bread Company and Panera, LLC ("Defendants") submit this Memorandum of Law in Support of their Motion for Reconsideration and request a brief continuance of the current remaining pre-trial and trial dates, and would show this court as follows:

## I.    INTRODUCTION

On August 30, 2024, Defendants filed a Trial Status Report updating the Court on Defendants' counsel's engagement and attachment to another trial in California. [Dkt. 109]  It was intended as a status report to keep the Court and Plaintiffs' counsel apprised that the other trial started and provide new information as to the length of that trial.

4882-3721-9300

On September 3, 2024, Plaintiffs "opposed" the status report. [Dkt. 125]  In doing so, Plaintiff provided limited facts that suited Plaintiffs' position.

On September 4, 2024, the Court converted Defendants' status report into a Motion to Amend its August 26, 2024 Order setting this case for trial on October 7, 2024, and then denied it. [Dkt. 126]  Since Defendants were not, at the time of their status report, moving to amend a Court order, and because Defendants had not yet been able to respond to the limited facts provided by Plaintiffs, the Court did not have the benefit of all of the facts relating to this issue.  As such, Defendants now submit the full picture of facts for the Court's consideration.

## II.   RELEVANT FACTS

### A.   The Intersection between *Katz* and *HHIPT*.

The California trial, a San Diego County Superior Court case entitled *Hubert Hansen Intellectual Property Trust v. The Coca-Cola Company, et al.*, Case No. 37-2016-00021046-CU-MC-CTL), was filed on June 22, 2016 ("*HHIPT*").  The *HHIPT* case has been handled by the trial team of Marc P. Miles, Kristy A. Schlesinger and Gabriel S. Spooner of Shook, Hardy & Bacon ("SHB").

On February 14, 2020, after four years of litigation, the 6-week trial was concluded and a verdict reached.  On June 17, 2021, the verdict was overturned by the California Court of Appeal.  On July 6, 2021, that decision was appealed to the

2

California Supreme Court, who refused to disturb it.  On August 17, 2021, a remittitur was issued by the Court of Appeal.

From the filing of the complaint through verdict, the trial date had been set five different times.

Following remittitur, the case was set for trial an additional four times, and finally commenced again on June 16, 2023.  Yet, 11 days later, trial was suspended pending resolution of a writ petition to the California Court of Appeal filed by plaintiffs following a motion in limine ruling.  Trial was then reset for September 11, 2023.

On August 10, 2023, the Court of Appeal denied plaintiffs' writ petition, and on August 24, 2023, the trial court held a status conference.  By then, plaintiffs were seeking relief from the California Supreme Court and thus the September 11, 2023 trial date was vacated.  On October 24, 2023, the *HHIPT* parties appeared for an *ex parte* hearing on a series of discovery disputes.  During the hearing, trial was reset for January 12, 2024.

One day prior, on October 23, 2023, Plaintiffs filed the instant case ("*Katz*").

On November 7, 2023, Defendants contacted Mr. Miles, Ms. Schlesinger and Mr. Spooner ("Trial Team") regarding representing them in *Katz*. [Declaration of Marlene Gordon ("Gordon Decl.") ¶ 4]  The Trial Team was contacted due to the specialized knowledge, experience and success in product liability litigation

and trial concerning caffeinated beverages, including traditional energy drinks. [Id.]  As of November 7, 2023, no trial date had been set in *Katz*.

On that very same day (11/07/23), the Trial Team also appeared for another hearing in the *HHIPT* matter, and trial was once again rescheduled, this time for August 23, 2024.  This was the 12th time trial in the *HHIPT* case had been set.

On November 8, 2023, the parties in *Katz* submitted a Rule 26(f) Report. Plaintiffs indicated the matter would be ready for trial by **December 30, 2024**, and Defendants indicated the case would be ready for trial on **April 30, 2025**. [Dkt. 13]

On November 10, 2023, Defendants retained the Trial Team to replace their counsel of record. [Gordon Decl. ¶ 5]  The Trial Team is Defendants' counsel of choice for the trial of this case. [Gordon Decl. ¶ 6]  As of the date of retention, no trial date had been set in *Katz*—and based upon representations by *both* parties, trial would not conflict with the recently-set trial date in *HHIPT*, but instead be set in 2025.

Over the next several weeks, the case was transitioned from Defendants' former counsel to SHB.  Mr. Miles and Ms. Schlesinger applied for *pro hac vice* admission on December 11, 2023.  In the interim, the Court set trial for September 12, 2024, which was months prior to both parties' representations as to trial readiness. [Dkt. 16]

Given the ever changing nature of litigation, and particularly the history of the *HHIPT* case, the Trial Team in good faith did not reasonably believe there would a conflict that would prevent them from representing Defendants in the *Katz* matter.

**B.  SHB's Representation of Defendants**

The SHB Trial Team has exclusively handled all aspects of the *Katz* case.

All written discovery has been conducted by Mr. Miles and Ms. Schlesinger. Of the 17 fact witness depositions, Mr. Miles conducted 7, defended 7, and Ms. Schlesinger defended 3 depositions.

With respect to expert witness discovery, Mr. Miles, Ms. Schlesinger and Mr. Spooner have exclusively vetted, retained and consulted with Defendants' experts.  Out of the 18 expert witness depositions in this case, Ms. Schlesinger conducted the depositions of all of Plaintiffs' 11 expert witnesses.  Ms. Schlesinger also defended one of Defendants' experts and Mr. Spooner defended Defendants' remaining 6 experts at deposition.

All pre-trial motions, including *Daubert* motions, motions in limine, pre-trial memorandum, exhibit list and witness lists have been analyzed, drafted and/or argued by the Trial Team.  There does not exist any counsel at SHB, or elsewhere, with the same, similar or remotely comparable knowledge or experience with the *Katz* litigation than the Trial Team.  There also does not exist any counsel at SHB,

5

4882-3721-9300

or elsewhere, with the same or remotely comparable knowledge, experience and success in product liability litigation and trial concerning caffeinated beverages than the Trial Team.

### C.     Defendants' Efforts to Alert the Court

The parties have dutifully adhered to the deadlines set forth in the Court's November 15, 2023 Scheduling Order, including but not limited to concluding all fact discovery within 5 months of issuance of the Order and exchanging all expert reports by June 6, 2024.

By the end of May 2024, all of the plaintiffs' appellate efforts in the *HHIPT* case had been exhausted and post-remittitur discovery had progressed smoothly. Thus, despite the trial date in that case having been set and reset 12 times, it appeared that the August 23, 2024 trial date might stick.  At that same time, it was anticipated that the *Katz* expert witness discovery would be extensive.

Hence, on May 29, 2024, Defendants contacted Plaintiffs and attempted to meet and confer regarding a brief trial continuance.  Defendants informed Plaintiffs that the Trial Team had a trial that was set to commence on August 23, 2024, which by then appeared to have a chance to start on that date.  Coupled with the extensive expert witness discovery in *Katz*, it seemed reasonable to reach an agreement to propose a brief continuance to the Court.  Additional meet and confer efforts ensued thereafter.  Ultimately, Plaintiffs refused.

6

On June 17, 2024, Defendants brought this issue the Court's attention and sought to modify the Scheduling Order to adjust the September 12, 2024 trial date by 45 days. [Dkt. 53]  Defendants' motion was based on the fact that expert depositions across multiple states could not be completed within three weeks (by July 3, 2024), and there was a potential for conflict in trial dates between *Katz* and *HHIPT*.  The request was denied the same day. [Dkt. 54]

Thereafter, the parties began expert witness depositions and fully briefed *Daubert* motions.  On July 31, 2024, the Court held a telephonic status conference regarding the scope of *Daubert* motions and set an in-person oral argument for August 21, 2024.  During the status conference, Defendants again raised the potential for a conflict in trial dates.

On August 21, 2024, the parties appeared before the Court to argue *Daubert* motions.  Following the hearing, the Court addressed the potential for conflict in trial dates.  Following an in-chambers discussion, the Court indicated a brief continuance would be permitted, and referred the parties to mediation in the interim.  When discussing mediation, the Court was advised that although Defendants' Trial Team would be in trial Monday through Thursday each week, the *HHIPT* court was dark on Fridays for trial purposes, and thus the Trial Team could mediate on a Friday.  The mediation was thereafter scheduled for Friday, October 4, 2024.

7

4882-3721-9300

Later in the day following the in-chamber discussion, the Court's deputy reached out to the parties and asked about the trial date for the *HHIPT* trial and each side's trial team's trial conflicts in November. [Ex. 1]  Defendants' Trial Team responded that the *HHIPT* case would start on August 26, 2024 and conclude sometime during the week of October 7, 2024 (not including jury deliberations). [Ex. 2]  Plaintiffs' counsel indicated that she had trials scheduled for October 28 and November 12, 2024. [Ex. 3]

Two days later (Friday, August 23), Defendants' Trial Team appeared for the Trial Readiness Conference in the *HHIPT* case.  The following Monday, August 26, 2024, jury selection began in that case.

That same day (August 26, 2024), the Court issued an Order setting a Pre-Trial Conference for Wednesday, October 2, 2024.  This is a day of the week the Court was advised Defendants' Trial Counsel would be in trial.  Yet, the Court's Order states that only those counsel appearing at the pre-trial conference would be permitted to participate in trial. [Dkt. 108]  Moreover, after having advised the Court's Deputy that the *HHIPT* trial would likely conclude sometime the "week of October 7," [Ex. 2] the Court scheduled this case to start trial on October 7, 2024. [Dkt. 108]

On August 30, 2024, at the end of the first week of the *HHIPT* trial, Defendants provided the Court with a status report concerning the progress of that

8

trial and new information Defendants learned as to timing.  Defendants did not

seek affirmative relief.  Instead, Defendants provided the Court with updated

information, including but not limited to the fact that the *HHIPT* plaintiffs were

now projecting 8 weeks of trial based on that court's schedule of 3½ days per week

on the record (which neither side knew previously).  Defendants alerted this Court

that its Trial Team will still be in trial in San Diego, California on October 2 (pre-

trial conference) and October 7 (trial).  Defendants confirmed they would still

attend mediation on October 4, 2024, since it is a Friday.

On September 3, 2024, Plaintiffs opposed Defendants' status report. [Dkt.

125]  On September 4, 2024, the Court issued an order finding that Defendants'

Status Report would be treated as a motion to amend the August 26, 2024 Order,

and denied it. [Dkt. 126]  On September 12, 2024, the Court issued another Order

setting oral argument on motions in limine for Tuesday, September 24, 2024. [Dkt.

138]

As of today's date, Defendants' Trial Team is still engaged and attached to

the *HHIPT* trial and that trial is not expected to conclude before October 7, 2024.

In fact, and as a further update of new information, the *HHIPT* trial may extend a

little longer—as the judge explains in the attached transcript—due to a few court

holidays, his motion calendar, and the fact that the judge will be taking a few days

off to attend and officiate his daughter's wedding. [Ex. 4; 225:5-227:13]

III.   **LEGAL ARGUMENT**

Federal Rules of Civil Procedure Rule 60 allows a party to seek relief from a Court order within a reasonable period of time after entry. While Defendants did not intend their August 30, 2024 status report to be taken as a motion to amend the August 26, 2024 Order, Defendants now seek relief from the September 4, 2024 Order denying the same.  Defendants do so for purposes of including facts and legal argument that would have otherwise been included if an affirmative request had been made at that time.

"[Parties] have a well-recognized right to counsel of their choice. . . . [Parties] must be given significant latitude in choosing the advocate who will represent their claims and this court should not lightly disturb the trust and confidence they have placed in their chosen counsel."  *Hartford Steam Boiler Inspection & Ins. Co. v. Int'l Glass Prods., LLC*, No. 2:08-1564, 2017 WL 2224841, at *3 (W.D. Pa. May 22, 2017).  "[A] party's 'choice of counsel is entitled to substantial deference.'" *Exch. 12, LLC v. Palmer Twp.*, No. 23-3740, 2024 WL 3889095, at *3 (E.D. Pa. Aug. 21, 2024) (quoting *Hamilton v. Merrill Lynch*, 645 F.Supp. 60, 61 (E.D. Pa. 1986) ("The court should not quickly deprive [parties] of their freedom to choose the advocate who will represent their claims, nor lightly dismiss the trust and confidence [parties] have placed in their chosen counsel.").

10

Defendants retained the legal services of the Trial Team on November 10, 2024, because of the specialized skill, experience and success of Mr. Miles, Ms. Schlesinger and Mr. Spooner in defending caffeinated beverage litigation.  This Trial Team has served as national defense counsel for an unrelated beverage manufacturer in similar products liability cases in both state and federal courts. This team has reviewed and analyzed hundreds of thousands of pages of information regarding the safety of caffeine and caffeinated beverages, propounded and responded to discovery concerning claims of design defect, failure to warn, negligence, concealment, breach of warranties, and purported physical injury purportedly related to caffeine, represented at deposition and trial corporate representatives in caffeinated beverage litigation, examined at deposition and trial dozens of medical providers concerning claimed injuries and preexisting conditions, and vetted, prepared, examined and defended in deposition and at trial prominent expert witnesses on the issues contained in this case.  The Trial Team has tried these cases in multiple states.

Consistent with this experience, Mr. Miles, Ms. Schlesinger and Mr. Spooner have been solely responsible for all litigation and trial preparation in this case.  There is no other counsel with remotely the same, similar or comparable knowledge and experience to conduct trial on behalf of Defendants and/or to otherwise protect Defendants' right to a fair trial on the merits.

11

Defendants respectfully submit that this Court's current order result in denial of Defendants' right to counsel of its choice.  In order to comply with the Court's order, Mr. Miles, Ms. Schlesinger and Mr. Spooner must abandon their representation of Defendants, and leave the trial defense of a "first in kind" case to random attorneys with no personal knowledge or experience in the case or this type of niche litigation—roughly 30 days before trial.

Alternatively, to comply with the Court's order, Mr. Miles, Ms. Schlesinger and Mr. Spooner would have to abandon their clients in the ongoing *HHIPT* trial in order to each appear at the October 2, 2024 pre-trial conference (so they can qualify as trial counsel in *Katz*) and ultimately leave the *HHIPT* trial early, and during their client's case in chief, to start trial here on October 7, 2024.  Either scenario causes extreme prejudice.

The denial of the right to counsel of choice by the defendants in either *HHIPT* or *Katz* is particularly troublesome given the lack of any prejudice identified by anyone from a brief trial continuance.

Rather, it appears Plaintiffs' position is one of gamesmanship. While Plaintiffs boldly contend Defendants kept "secret" the trial conflict, Defendants disclosed the same to Plaintiffs in the Spring of this year, and requested the parties work together to find a resolution. [Ex. 5]  Plaintiffs refused.

Plaintiffs instead feign outrage at a fairly common occurrence in modern day litigation (conflicting trial dates) to leverage a trial advantage.  Generally, cases are not litigated in a liner fashion one at a time and there is often overlap—even with trial dates.  As more than 90% of civil cases never get to trial, and many trials get continued for one reason or another, many courts even set multiple cases for trial on the same date knowing most will not make it that far.  But here, by objecting, Plaintiffs are attempting to have Defendants go to trial with new attorneys who know nothing about the case, as opposed to the Defendants' trusted Trial Team with niche knowledge, who have litigated every aspect of this case.  Essentially, Plaintiffs are trying to play the big game when the other side's first string team is unavailable.

In making that argument, Plaintiffs claim that their counsel's trial dates of October 28 and November 12, 2024 should be respected.  While Defendants agree that they equally should, Plaintiffs fail to provide the full picture.  Counsel's October 28, 2024 trial in the New Jersey Superior Court is not long standing.  The docket reveals that this matter has had six different trial dates dating back to December 13, 2021, and the trial was just continued to October 28, 2024 on June 14, 2024. [Ex. 6, p. 1, 3-4]

Similarly, while Plaintiffs' counsel points to a November 12, 2024 trial in the U.S. District Court for the Northern District of Illinois Eastern Division, history

13

shows this case is not likely to go forward.  This is a consolidated action against The Boeing Company arising from the Ethiopian Airlines crash on March 10, 2019.  In 2023, there were three trial dates set by the Court whereby six to eight cases were slated for trial on those dates.  None of those six to eight cases ever went to trial. [Ex. 7, p.1]

As set forth in detail above—and contrary to the nefarious allegations by Plaintiffs—Defendants hired the Trial Team before a trial date was ever set and after Plaintiffs themselves indicated the trial should not be set until 2025.  This case and the *HHIPT* case were coincidentally set for trial within a few days of each other.  Those trial dates being 10 months out, much could have transpired to alter either date—especially on the *HHIPT* case whose trial date had changed 12 times.  Defendants' Trial Team never intended to deceive the parties or the Court, nor unnecessarily delay the trial of this case.

Now with a full picture of the facts, Defendants are hopeful that the Court and the parties can reach a reasonable solution to the current trial date—which does not have this trial start on a date that Defendants' Trial Team is engaged in trial on the other side of the country, and which affords a reasonable amount of time to prepare for this trial.  In doing so, Defendants are respectful of, and do not desire to adversely affect, Plaintiffs' counsel's trial calendar.  While a December trial here would accomplish that, so too would a January trial.  Although

14

opportunistically backtracking, Plaintiffs originally stated that this case should not be tried until 2025 (i.e., no sooner than December 30, 2024). [Dkt. 13, p. 9]

Defendants' right to its counsel of choice is a "well-recognized right," which "is entitled to substantial deference" and is something the "court should not lightly disturb." *Hartford Steam Boiler Inspection & Ins. Co. v. Int'l Glass Prods., LLC*, No. 2:08-1564, 2017 WL 2224841, at *3 (W.D. Pa. May 22, 2017); and *Exch. 12, LLC v. Palmer Twp.,* No. 23-3740, 2024 WL 3889095, at *3 (E.D. Pa. Aug. 21, 2024). Defendants will suffer extreme prejudice if they cannot be represented by their counsel of choice, who have specialize and particular knowledge of every aspect of this case and who are uniquely experienced and seasoned in litigating and trying to cases involving caffeinated beverages. [Gordon Decl. ¶ 7] Alternatively, if the Trial Team is forced to abandon their current trial to appear at the pre-trial conference and trial dates, their clients in the *HHIPT* case (such as The Coca-Cola Company) would suffer extreme prejudice.

This right to counsel of choice and these prejudices need to be balanced against something to determine if they are outweighed. Thus far, there has been no articulation of anything that would outweigh this right and these prejudices. While Defendants are confident that a reasonable solution can be reached, and while they would rather not disturb the Third Circuit, there should be a fulsome record here as to both sides of the scale in balancing the interests. A hearing is requested.

IV.   **CONCLUSION**

In light of the foregoing, Defendants respectfully request the following modest continuance of the trial (less than 60 days) to avoid the extreme prejudice articulated herein:

1.  Trial be reset for **December 2, 2024** or later;

2.  Final Pre-Trial Conference be reset set for **November 25, 2024** or later (to accommodate Plaintiffs' counsel's November 12 trial).

   *Alternatively*, since the Pre-Trial Conference (currently Oct. 2) and the hearing on the Motions in Limine (currently Sept. 24) were set on dates that Defendants' Trial Team will be in California in trial, Defendants request that their Trial Team be allowed to appear remotely.

Defendants respectfully request a remote hearing or in-chambers telephone conference so there can be a clear discussion and record of the facts that outweigh Defendants' right to choice of counsel and the prejudice they will suffer.

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

Dated: September 16, 2024                   ___*/s/ Marc P. Miles*_____
Marc P. Miles, Esq. (admitted *pro hac vice*)
Kristy A. Schlesinger, Esq. (admitted *pro hac vice*)
5 Park Plaza, Suite 1600
Irvine, CA 92614
T 949.475.1500
mmiles@shb.com

16

4882-3721-9300

kschlesinger@shb.com

Joseph H. Blum, Esq.
2001 Market Street, Suite 3000
Philadelphia, PA 19103
T 215.278.2555
jblum@shb.com

*Attorneys for Defendants Panera Bread Company and Panera, LLC*

17

## <u>CERTIFICATE OF SERVICE</u>

I, Marc P. Miles, hereby certify that on the 16th day of September 2024, I caused a true and correct copy of Defendants' to be served via the Court's e-filing system upon all counsel of record.

*/s/ Marc P. Miles*
Marc P. Miles

4882-3721-9300