## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JILL KATZ and MICHAEL KATZ, as** | : | **CIVIL ACTION** |
| **Administrators of the Estate of** | : | |
| **Sarah Katz, Deceased** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PANERA BREAD COMPANY and** | : | |
| **PANERA, LLC** | : | **NO. 23-4135** |

### MEMORANDUM

**Savage, J.**                                                                **September 19, 2024**

Panera Bread Company and Panera, LLC (collectively, "Panera") ask us to reconsider our September 4, 2024 Order declining to reschedule trial—for the second time—to accommodate their attorneys' scheduling conflict with a trial in California state court.  Panera argues that it retained the attorneys because they are uniquely qualified to litigate cases involving caffeinated beverages and that its choice of counsel should not be disturbed.  Panera contends that proceeding in this case without them will prejudice Panera and benefit plaintiffs.

We conclude that proceeding as scheduled will not deprive Panera of capable trial counsel and will not cause prejudice.  On the other hand, rescheduling trial would interfere with the orderly administration of justice in this case and other cases on the docket.  Therefore, we shall deny Panera's motion for reconsideration and request for continuance of the pretrial conference and trial dates.

## Background

Plaintiffs Jill Katz and Michael Katz, as administrators of the estate of their daughter Sarah Katz, bring this product liability action against Panera.[1]  They allege that their daughter suffered sudden cardiac arrest and died as a result of drinking Panera Charged Lemonade, a caffeinated beverage.[2]

We held a Rule 16 pretrial conference on November 14, 2023.[3]  Attorneys from the Greenberg Traurig law firm appeared on Panera's behalf.  Following the Rule 16 conference, we issued an order scheduling the final pretrial conference for September 10, 2024 and the trial for September 12, 2024.[4]

According to Panera, it retained the law firm Shook, Hardy & Bacon to replace Greenberg Traurig on November 10, 2023—four days before the Rule 16 conference.[5]  Panera claims it selected lawyers Marc Miles, Kristy Schlesinger, and Gabriel Spooner of Shook, Hardy & Bacon because they have specialized experience litigating product liability cases involving caffeinated beverages.[6]

Miles, Schlesinger, and Spooner are trial counsel in an intellectual property case in California state court, *Hubert Hansen Intellectual Property Trust v. The Coca-Cola Company*, Case No. 37-2016-00021046-CU-MC-CTL ("*Hubert Hansen*").[7]  After the

---

[1] Civil Action Compl. (attached as Ex. A to Notice of Removal), ECF No. 1-1.

[2] *Id.*

[3] Oct. 27, 2023 Order, ECF No. 2; Nov. 14, 2023 Minute Entry, ECF No. 15.

[4] Scheduling Order, Nov. 11, 2023 ¶¶ 14, 20, ECF No. 16.

[5] Decl. of Marlene Gordon in Supp. of Mot. for Reconsideration ¶¶ 5–6 (attached to Defs.' Mem. of L. in Supp. of Mot. for Reconsideration, ECF No. 140 ["Panera's Mot. for Reconsideration"]), ECF No. 140-1.

[6] *Id.*

[7] Panera's Mot. for Reconsideration 2.

original verdict was overturned on appeal, the case was remanded for retrial.[8]  Based on the length of the original trial, counsel anticipated the trial to last six weeks.[9]  The *Hubert Hansen* retrial had been rescheduled several times.[10]  On November 7, 2023, the California court rescheduled the trial for August 23, 2024.[11]

On December 11, 2023, Miles and Schlesinger moved to appear *pro hac vice* on behalf of Panera.[12]  At that time, the six-week *Hubert Hansen* trial had been scheduled to begin on August 23, 2024 and trial in this matter was scheduled to begin on September 12, 2024.  Counsel did not disclose the scheduling conflict at the time they moved for *pro hac vice* admission.  We granted Miles and Schlesinger's motions for *pro hac vice* admission.[13]  Spooner's motion, which was filed on July 16, 2024, was granted.[14]

During a meet-and-confer on May 29, 2024, after fact discovery had closed and the parties had exchanged expert reports, defense counsel notified plaintiffs' counsel— for the first time—of the *Hubert Hansen* trial.[15]  Defense counsel requested plaintiffs' consent to seek a trial continuance.[16]  Because defense counsel did not disclose the

---

[8] *Id.* at 3.

[9] Trial Status Report 1, ECF No. 109.

[10] Panera's Mot. for Reconsideration 3–4.

[11] *Id.* at 4.

[12] Defs.' Unopposed Mot. for the *Pro Hac Vice* Admission of Marc P. Miles, ECF No. 24; Defs.' Unopposed Mot. for the *Pro Hac Vice* Admission of Kristy A. Schlesinger, ECF No. 25.

[13] Dec. 15, 2023 Orders, ECF Nos. 27, 28.

[14] Defs.' Mot. for the *Pro Hac Vice* Admission of Gabriel S. Spooner, ECF No. 57; July 17, 2024 Order, ECF No. 58.

[15] Panera's Mot. for Reconsideration 6; Pls.' Resp. to Defs.' Mot. for Reconsideration 3, ECF No. 141 ["Pls.' Opp'n"].

[16] Panera's Mot. for Reconsideration 6; Pls.' Opp'n 3.

conflict earlier and plaintiffs' counsel had other trials scheduled in the fall, plaintiffs refused.[17]

Defense counsel did not notify us of the *Hubert Hansen* trial until June 17, 2024, when they moved to amend the scheduling order to accommodate their scheduling conflict.[18]  We denied the motion.[19]

During a telephone conference regarding Panera's *Daubert* motions on July 31, 2024, defense counsel raised the issue of the *Hubert Hansen* trial.[20]  We informed defense counsel that they had waited too long to disclose the conflict and instructed them to have other Shook, Hardy & Bacon attorneys prepared to try this case if Miles, Schlesinger, and Spooner were not available.

On August 21, 2024, following oral argument on the *Daubert* motions, we held a brief conference in chambers.  Defense counsel again raised the scheduling conflict.  We advised that we would consider granting a brief continuance of trial, and directed counsel to provide their availability.  Defense counsel informed us that in addition to the *Hubert Hansen* trial, they would be engaged in an employment case in California from November 6, 2024 until November 15, 2024.[21]  Plaintiffs' counsel advised that they have two trials beginning on October 28, 2024 and November 12, 2024.[22]  Based on this information and

---

[17] Pls.' Opp'n 3.

[18] Defs.' Mem. of L. in Supp. of Mot. to Amend the Scheduling Order 4, ECF No. 53.

[19] June 17, 2024 Order, ECF No. 54.

[20] July 30, 2024 Order, ECF No. 68; July 31, 2024 Minute Entry, ECF No. 71.

[21] Aug. 21, 2024 Email from Marc Miles (attached as Ex. 2 to Panera's Mot. for Reconsideration), ECF No. 140-3.

[22] Aug. 21, 2024 Email from Elizabeth Crawford (attached as Ex. 3 to Panera's Mot. for Reconsideration), ECF No. 140-4.

considering the docket, on August 26, 2024, we rescheduled the pretrial conference for October 2, 2024, and trial for October 7, 2024.[23]

On August 30, 2024, defense counsel filed a "Trial Status Report."[24]  They reported that the *Hubert Hansen* trial had begun as scheduled, but that the trial was expected to take eight weeks rather than six.[25]  Consequently, defense counsel advised that they would be unavailable on the pretrial conference and trial dates in this case.[26]

Plaintiffs filed a response opposing further continuances of the trial date.[27] Plaintiffs contended that defense counsel's failure to disclose their scheduling conflict until late in the litigation was part of Panera's strategy to delay the disposition of this case.[28] Nonetheless, plaintiffs indicated that they would be willing to move the trial as late as October 14, 2024 in an effort to compromise.[29]

On September 4, 2024, we treated the Trial Status Report as a motion to amend our prior scheduling order and denied it.[30]  We noted that defense counsel had been aware of the scheduling conflict since they entered their appearance in this case but failed to disclose it.[31]  We explained that had we known that defense counsel would be unavailable for trial at the time they moved for *pro hac vice* admission, we would not have

---

[23] Aug. 26, 2024 Order, ECF No. 108.

[24] Trial Status Report, ECF No. 109.

[25] *Id.*

[26] *Id.*

[27] Pls.' Resp. in Opp'n to Defs.' Trial Status Report Indicating Conflict with Court's Pre-Trial Conference and New Trial Dates, ECF No. 125.

[28] *Id.* at 1–3.

[29] *Id.* at 3.

[30] Sept. 4, 2024 Order, ECF No. 126.

[31] *Id.*

granted the motions.[32]  In denying a continuance, we again instructed counsel to have a defense team from Shook, Hardy & Bacon ready to proceed at the final pretrial conference and trial as scheduled.[33]

Panera moves for reconsideration of the September 4, 2024 Order and a continuance of the pretrial conference to November 25, 2024 and trial to December 2, 2024.[34]  It explains that counsel did not notify the court of the conflict because the *Hubert Hansen* trial date had been changed so many times, they expected it to change again.[35]

Panera argues that Miles, Schlesinger, and Spooner were specifically selected for their experience trying cases involving caffeinated beverages and they have been solely responsible for trial preparation of this case.[36]  Panera claims that there is "no other counsel," at Shook, Hardy & Bacon or elsewhere, who is capable of trying this case.[37]  It contends that depriving Panera of its counsel of choice will cause it prejudice and benefit the plaintiffs.[38]

Plaintiffs oppose the motion, arguing they have already arranged for their witnesses to testify as scheduled.[39]  They claim that they will incur costs for rescheduling their experts.[40]

---

[32] *Id.*

[33] *Id.*

[34] Panera's Mot. for Reconsideration 16.

[35] *Id.* at 6, 14.

[36] *Id.* at 11.

[37] *Id.* at 5, 11.

[38] *Id.* at 13, 15.

[39] Pls.' Opp'n 5.

[40] *Id.*

**Analysis**

Matters of scheduling and docket control "are committed to the sound discretion of the district court." *PDX N., Inc. v. Comm'r New Jersey Dep't of Lab. & Workforce Dev.*, 978 F.3d 871, 880 n.6 (3d Cir. 2020); *see also U.S. S.E.C. v. Infinity Grp. Co.*, 212 F.3d 190, 197 (3d Cir. 2000).  The Third Circuit will only interfere with such matters "upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." *PDX N.*, 978 F.3d at 880 n.6 (quoting *In re Fine Paper Antitrust Litig.,* 685 F.2d 810, 817 (3d Cir. 1982)).

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  Whether good cause exists depends in part on the movant's diligence.  *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). Counsel's busy trial schedule does not establish good cause warranting an enlargement of time.  *See L&M Healthcare Commc'ns LLC v. Pantano*, No. CV 22-481, 2023 WL 9604290, at *4 (D.N.J. Dec. 29, 2023), report and recommendation adopted, No. CV 22-00481-JKS-AME, 2024 WL 3219217 (D.N.J. June 28, 2024) ("[T]he cases are replete with instances where an attorney's workload does not constitute good cause."); *Shemendera v. First Niagara Bank N.A.*, 288 F.R.D. 251, 253 (W.D.N.Y. 2012) (counsel's conflict arising from busy litigation schedule did not establish "good cause" under Rule 16); *Branch Banking & Tr. Co. v. D.M.S.I., L.L.C.*, No. 2:11-CV-01778-APG, 2013 WL 3197663, at *1 n.1 (D. Nev. June 21, 2013), *aff'd* 871 F.3d 751 (9th Cir. 2017) (counsel's explanation that they "were very busy . . . . does not constitute 'good cause' pursuant to Fed. R. Civ. P. 16").

Although a civil litigant's choice of counsel is entitled to deference, it is not an absolute right.  *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1263 (5th Cir. 1983); *Smart Communications, Holding, Inc. v. Glob. Tel-Link Corp.*, 590 F. Supp. 3d 758, 763 (M.D. Pa. 2022); *Inorganic Coatings, Inc. v. Falberg*, 926 F. Supp. 517, 520 (E.D. Pa. 1995).  A court may override a party's choice of counsel when it interferes with "the orderly administration of justice." *Smart Communications*, 590 F. Supp. 3d at 763. (citing *Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193, 1209 (11th Cir. 1985)) (additional citations omitted).  A party's freedom to choose counsel may be restricted where it is used "for purposes of delay or obstruction of the orderly conduct of the trial."  *McCuin*, 714 F.2d at 1263 (quoting *Holloway v. Arkansas*, 435 U.S. 475, 486–87 (1978)).

Proceeding with trial as scheduled will not deprive defendants of qualified trial counsel.  The law firm of Shook, Hardy & Bacon describes itself as an "international powerhouse" with an "arsenal of complex litigation experience [and] scientific and technical knowledge" in varied industries and practice areas.[41]  It claims to operate "the largest product liability practice in the world."[42]  The National Law Journal's 2024 law firm ranking lists Shook Hardy & Bacon as the 97th largest law firm in the U.S., with 526 attorneys.[43]  The firm maintains nineteen offices in cities throughout the U.S., including Philadelphia.[44]  Its Philadelphia based attorneys are competent and experienced to defend against claims governed by Pennsylvania law.  In light of its size and self-

---

[41] Integrated Legal Services, Shook, Hardy & Bacon, https://www.shb.com/about/integrated-legal-services (last visited Sept. 17, 2024).

[42] *Id.*

[43] The 2024 NLJ 500: Ranked by Head Count, "Nation's Largest Law Firms," Law.com, https://www.law.com/nationallawjournal/2024/06/18/the-2024-nlj-500-ranked-by-head-count/ (June 18, 2024).

[44] Locations, Shook, Hardy & Bacon, https://www.shb.com/locations (last visited Sept. 17, 2024).

proclaimed experience in product liability law, including in Pennsylvania, we are satisfied that Shook Hardy & Bacon has attorneys who are qualified, knowledgeable and experienced enough to try this case.

The issue defense counsel raises was not unanticipated.  They were warned months ago that the case would go to trial as scheduled in September.  In a telephone conference on July 31, 2024, we informed defense counsel Miles that trial was going forward.  He was instructed to have attorneys prepared to try this case as scheduled if he was on trial in another case.

In response to plaintiffs' counsel's concern for her upcoming October 28 and November 12 trial dates, Panera speculates that one of these trials is "not long standing" and has been rescheduled several times, and the other is "not likely to go forward."[45] Defense counsel's whimsical treatment of scheduled trial dates as tentative and subject to change is why the parties are now in a difficult—but not insoluble—position. Nonetheless, we did not deny Panera's request for a second trial continuance in an effort to accommodate plaintiffs' counsel's October and November trials.

The parties appear to believe that the trial date was rescheduled to suit their schedules.  Although we considered their schedules, the trial date in this case was set taking into consideration the court's trial schedule.  There are trials scheduled to start on October 24 and 31, November 7 and 14, and December 5, 12 and 19.  If this case were rescheduled, trials that were scheduled months before defense counsel claimed unavailability will have to be rescheduled, causing inconvenience and delays to the litigants, witnesses, and attorneys in those cases.  Bumping those cases will have a ripple

---

[45] Panera's Mot. for Reconsideration 13–14.

effect on other cases on this court's docket and on the dockets of other state and federal courts.  Thus, moving this trial will add to congestion on the court's docket and unfairly impede and delay other trials.

A party's choice of counsel is typically respected.  However, it cannot be used to delay and adversely affect other cases.  If the chosen attorney is too busy, the party can find another competent attorney.  Shook, Hardy & Bacon has plenty.  In short, Panera has not identified sufficient prejudice to warrant a second continuance of the trial date.

Matters of scheduling and docket control are within the district court's discretion. *PDX N., Inc.*, 978 F.3d at 880.  Panera has not demonstrated that it will be prejudiced unless the trial is continued.  It was on notice months ago that the trial would proceed and that back up counsel were required to be ready to try the case.  Rescheduling trial for a second time would interfere with the timely disposition of this case and others.  Therefore, Panera's motion for reconsideration and request for continuance of the pretrial conference and trial dates are denied.[46]

With respect to the September 24, 2024 oral argument on motions *in limine*, it is not necessary or required.  Local R. Civ. P. 7.1(f).  Argument was scheduled as an accommodation to counsel.  If Miles, Schlesinger, Spooner or another attorney are not appearing at argument in person, the motions will be decided on the papers.

---

[46] If counsel agree, the pretrial conference could be moved to October 8, jury selection to October 10, and trial to October 15 without impacting the court's docket.  If the parties reach agreement, they must notify the Deputy Clerk no later than September 24, 2024.